# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

RICHARD DASCHBACH     :
*individually and on behalf of all*     :
*others similarly situated*,     :
    :
    Plaintiff,     :
    :
    :     **CASE NO. 1:22-cv-00346-JL**
v.     :
    :
ROCKET MORTGAGE, LLC,     :     November 29, 2022
    :
    Defendant.     :
    :

## ROCKET MORTGAGE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

/s/ *W. Kyle Tayman*

W. Kyle Tayman (*PHV*)
Brooks R. Brown (*PHV*)
Christina L. Hennecken (*PHV*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com
Chennecken@goodwinlaw.com

Steven J. Dutton (NH 17101)
McLane Middleton
900 Elm Street | Manchester, NH 03101
(603) 628-1379 |steven.dutton@mclane.com

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................. 5

   I.    Counts I And II Fail Because Plaintiff Fails To Plead The ATDS Element Of His
TCPA ATDS Claims. .................................................................................................. 8

   II.   Count III Fails Because Plaintiff Does Not Plead The Threshold Element That
He Received Telephone Solicitations Within The Meaning Of The Term
Under The TCPA. ...................................................................................................... 13

   III.   Count IV Fails Because Plaintiff Does Not Plead That Rocket Mortgage Lacked
The Requisite Do-Not-Call Procedure.......................................................................... 15

   IV.   Counts V And VI Should Be Dismissed Because Plaintiff Fails To Plead The
Statute Applies To The Challenged Conduct. ............................................................. 19

CONCLUSION .................................................................................................................. 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aikens v. Synchrony Fin. d/b/a Synchrony Bank*,
No. 15-10058, 2015 WL 5818911 (E.D. Mich. July 31, 2015), *report and
recommendation adopted*, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015) ...........................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................6, 9, 12, 13

*Austria v. Alorica, Inc.*,
No. 2:20-cv-05019-ODW, 2021 WL 5968404 (C.D. Cal. Dec. 16, 2021) ............................10

*Barry v. Ally Fin., Inc.*,
No. 20-12378, 2021 WL 2936636 (E.D. Mich. July 13, 2021) ................................................10

*Beal v. Outfield Brew House, LLC*,
29 F.4th 391 (8th Cir. 2022) .................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................6, 12, 13

*Benzion v. Vivint, Inc.*,
No. 12-61826, 2014 WL 11531368 (S.D. Fla. Jan. 17, 2014) ..........................................16, 18

*Birch St. Recovery Corp. v. Thomas*,
No. CV-99-571-B, 2000 WL 1513799 (D.N.H. July 29, 2000) .............................................17

*Borden v. eFinancial, LLC*,
No. 21-35746, 2022 WL 16955661 (9th Cir. Nov. 16, 2022) .................................................10

*Borden v. eFinancial, LLC*,
No. C19-1430JLR, 2021 WL 3602479 (W.D. Wash. Aug. 13, 2021), *aff'd*,
No. 21-35746, 2022 WL 16955661 (9th Cir. Nov. 16, 2022) .................................................13

*Callier v. Nat'l United Grp., LLC*,
No. EP-21-CV-71-DB, 2022 WL 4088205 (W.D. Tex. Sept. 6, 2022) ..................................17

*Charvat v. GVN Mich., Inc.*,
561 F.3d 623 (6th Cir. 2009) .................................................................................16

*Cunningham v. Lifestyles Dev., LLC*,
2019 WL 4282039 (E.D. Tex. Aug. 8, 2019), *report and recommendation
adopted*, No. 4:19-CV-00006, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) ......................16

ii

*Doucette v. GE Cap. Retail Bank*,
No. 14-CV-012-LM, 2014 WL 4955675 (D.N.H. Oct. 2, 2014)............................................12

*Ebling v. ClearSpring Loan Servs., Inc.*,
106 F. Supp. 3d 1002 (D. Minn. 2015)....................................................................................15

*Edwards v. Alorica, Inc.*,
No. 8:19-CV-02124-JWH-DFMx, 2021 WL 4622390 (C.D. Cal. Aug. 30,
2021) ........................................................................................................................................10

*Eggleston v. Reward Zone USA LLC*,
No. 2:20-cv-01027-SVW-KS, 2022 WL 886094 (C.D. Cal. Jan. 28, 2022) ..........................10

*Facebook, Inc. v. Duguid*,
141 S. Ct. 1163 (2021)......................................................................................3, 8, 9, 11, 12

*Fishman v. Tiger Nat. Gas, Inc.*,
No. 17-05351, 2018 WL 1242076 (N.D. Cal. Mar. 8, 2018) ................................................15

*Glob. ePoint, Inc. v. GTECH Corp.*,
58 F. Supp. 3d 178 (D.R.I. 2014) ............................................................................................7

*Golub v. Ne. Univ.*,
No. 19-cv-10478-ADB, 2020 WL 3086050 (D. Mass. June 10, 2020), *aff'd*,
No. 20-1674, 2021 WL 6425374 (1st Cir. July 20, 2021) ......................................................7

*Gorss Motels, Inc. v. Lands' End, Inc.*,
997 F.3d 470 (2d Cir. 2021)..................................................................................................14

*Guglielmo v. CVS Pharmacy, Inc.*,
No. 3:20cv1560 (JBA), 2021 WL 3291532 (D. Conn. Aug. 2, 2021)....................................11

*Hufnus v. DoNotPay, Inc.*,
No. 20-cv-08701-VC, 2021 WL 2585488 (N.D. Cal. June 24, 2021)....................................10

*Jeranian v. Dermenjian*,
No. CV 18-652JJM, 2019 WL 6117991 (D.R.I. Nov. 15, 2019) ...........................................11

*Jones v. FMA All. Ltd.*,
978 F. Supp. 2d 84 (D. Mass. 2013) ......................................................................................18

*Jovanovic v. SRP Invs. LLC*,
No. CV-21-00393-PHX-JJT, 2021 WL 4198163 (D. Ariz. Sept. 15, 2021) ..........................12

*U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*,
360 F.3d 220 (1st Cir. 2004) ..................................................................................................8

*Lamont v. Furniture N., LLC*,
No. 14-cv-036-LM, 2014 WL 1453750 (D.N.H. Apr. 15, 2014) ...........................................14

*Lifchits v. Integon Nat'l Ins. Co.*,
No. 18-cv-12637-ADB, 2020 WL 4756272 (D. Mass. Aug. 17, 2020) ..................................7

*Locapo v. Colsia*,
609 F. Supp. 2d 156 (D.N.H. 2009) ....................................................................................20

*Lord v. Kisling, Nestico & Redick, LLC*,
No. 1:17-CV-01739, 2018 WL 3391941 (N.D. Ohio July 12, 2018) .......................................8

*Lydon v. Local 103, Int'l Bhd. of Elec. Workers*,
770 F.3d 48 (1st Cir. 2014) .................................................................................................11

*Meier v. Allied Interstate LLC*,
No. 20-55286, 2022 WL 171933 (9th Cir. Jan. 19, 2022) .......................................................9

*Mina v. Red Robin Int'l, Inc.*,
No. 20-cv-00612-RM-NYW, 2022 WL 2105897 (D. Colo. June 10, 2022),
*appeal docketed*, No. 22-1286 (10th Cir. Sept. 13, 2022) ...........................................11, 12, 13

*Morris v. Copart*,
No. 15-724, 2016 WL 6608874 (E.D. Tex. Nov. 9, 2016) .....................................................14

*Murphy v. DCI Biologicals Orlando, LLC*,
No. 6:12-cv-1459, 2013 WL 6865772 (M.D. Fla. Dec. 31, 2013), *aff'd*, 797
F.3d 1302 (11th Cir. 2015) ..................................................................................................15

*Naiman v. Freedom Forever, LLC*,
No. 19-cv-00256-JSC, 2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) .....................................9

*Nece v. Quicken Loans, Inc.*,
No. 8:16-cv-2605, 2018 WL 1326885 (M.D. Fla. Mar. 15, 2018) .....................................4, 18

*Phillips v. Murphy*,
No. CIV.A. 0140166RWZ, 2003 WL 22595198 (D. Mass. Nov. 10, 2003)............................7

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of
1991*,
7 F.C.C. Rcd. 8752 (1992) ...................................................................................................14

*Sanchez v. Pereira-Castillo*,
590 F.3d 31 (1st Cir. 2009) .....................................................................................................9

*Saunders v. NCO Fin. Sys., Inc.*,
910 F. Supp. 2d 464 (E.D.N.Y. Dec. 19, 2012) ...................................................................14

*SEC v. Tambone*,
   597 F.3d 436 (1st Cir. 2010) .........................................................................6

*Simmons v. Charter Commc'ns, Inc.*,
   222 F. Supp. 3d 121 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) .......................16

*Smith v. Liberty Mut. Ins. Co.*,
   2021 WL 1581017 (D. Mass. Apr. 22, 2021) .........................................................18

*Snow v. Gen. Elec. Co.*,
   No. 5:18-CV-511-FL, 2019 WL 2500407 (E.D.N.C. June 14, 2019) ......................................3

*Soliman v. Subway Franchisee Advert. Fund Tr., Ltd.*,
   No. 3:19-cv-592 (JAM), 2022 WL 2802347 (D. Conn. July 18, 2022), *appeal
   docketed*, No. 22-1726 (2d Cir. Aug. 9, 2022) ...................................................9, 13

*Squeri v. Mount Ida Coll.*,
   954 F.3d 56 (1st Cir. 2020) ........................................................................12

*Tomas v. Buckley*,
   No. 19-cv-12079-ADB, 2020 WL 2616304 (D. Mass. May 22, 2020) ......................................7

*United States v. AVX Corp.*,
   962 F.2d 108 (1st Cir. 1992) ........................................................................7

*Watts v. Emergency Twenty Four, Inc.*,
   No. 20-cv-1820, 2021 WL 2529613 (N.D. Ill. June 21, 2021) .........................................10

*Wiseman v. Reposa*,
   463 F.2d 226 (1st Cir. 1972) .....................................................................1, 7

## Statutes

47 U.S.C. § 227(a)(1) ................................................................................3, 8

47 U.S.C. § 227(b)(1) ................................................................................2, 8

N.H. Rev. Stat. Ann. § 359-E:7 ..................................................................4, 19, 20

N.H. Rev. Stat. Ann. § 359-E:8 ..................................................................1, 19, 20

## Other Authorities

47 C.F.R. § 64.1200(c)(2) ...........................................................................13

47 C.F.R. § 64.1200(d) ...................................................................4, 15, 16, 17

47 C.F.R. § 64.1200(f)(15) ....................................................................3, 13, 15

Fed. R. Civ. P. 8 ................................................................................................................2

Fed. R. Civ. P. 12(b)(6).......................................................................................................2

## INTRODUCTION

Plaintiff Richard Daschbach brings this putative class action lawsuit against Rocket Mortgage—a multiple J.D. Power award winner for customer service in the mortgage loan industry—for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the TCPA's implementing regulations, and New Hampshire's Telemarketing Sales Calls statute ("NHTSC"), N.H. Rev. Stat. Ann. § 359-E:8.  After Rocket Mortgage alerted Plaintiff to the numerous factual inaccuracies in his original Complaint (ECF No. 1, "Compl."), the parties stipulated to allow Plaintiff to amend and to extend Rocket Mortgage's responsive pleading deadline.  ECF No. 6.  In his First Amended Complaint (ECF No. 10, "FAC"), Plaintiff now purports to assert six causes of action against Rocket Mortgage arising from four alleged telephone calls and three alleged text messages in September 2021 and March 2022.  But the same pleading defects in Plaintiff's original Complaint continue to infect the FAC and Plaintiff still fails to state a cognizable claim.  As such, this Court should dismiss this lawsuit with prejudice.

In his original Complaint, Plaintiff admitted that he submitted his name, phone number, email address, and other personal information about himself and his then-existing mortgage loan as part of an online request for mortgage refinance information from Rocket Mortgage and other mortgage lenders.  Compl. ¶¶ 20-23, 25; *see also id.* ¶ 41.[1]  Plaintiff nonetheless disputed that providing his phone number and request for information online was sufficient consent to the challenged calls and texts from Rocket Mortgage.  After Rocket Mortgage informed Plaintiff that his original Complaint misidentified the website at which he made his online request for mortgage refinance information and consented to the challenged calls and texts, Plaintiff conveniently

---

[1] This Court may consider Plaintiff's original pleading on this motion to dismiss.  *See Wiseman v. Reposa,* 463 F.2d 226, 227 (1st Cir. 1972) (error to not permit defendant to explore the differences between allegations in original and amended complaint because "[a]s a matter of pleading, the original complaint had disappeared. As an admission against interest, it had not.").

changed course and chose to exclude his allegations about his online submission in the FAC, though he did identify the correct website (refinance.enhancedrefinow.com) in certain of his putative class definitions (FAC ¶ 31). The obvious purpose of this exclusion was to attempt to escape pleading (expressly) that Plaintiff consented to the challenged calls and texts. But this litigation gamesmanship cannot save this lawsuit because, as demonstrated below, Plaintiff cannot escape his prior pleading and each of his claims is defectively pled in multiple, material respects, and so fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 8 & 12(b)(6).[2]

In the six counts in the FAC, Plaintiff generally alleges that Rocket Mortgage's purported calls and texts to him in September 2021 and March 2022 violated (1) the TCPA's provisions and regulations (a) prohibiting calls to cellphones using an automatic telephone dialing system ("ATDS") without prior consent (Counts I and II); (b) restricting telephone solicitation calls to phone numbers properly registered on the National Do-Not-Call ("DNC") registry (Count III), and (c) requiring companies to implement a procedure to maintain an internal do-not-call list (Count IV); and (2) the NHTSC's prohibition on telemarketing sales calls to phone numbers properly registered on the National Do-Not-Call Registry (Counts V and VI). The conclusory FAC falls woefully short of pleading the requisite plausible factual allegations to sustain any of these claims.

First, as to the TCPA ATDS claims in Counts I and II, Daschbach fails to plead any plausible factual allegations from which this Court could conclude that the challenged calls and text messages were made using an ATDS—a necessary element of a TCPA ATDS claim. 47 U.S.C. § 227(b)(1). The TCPA defines an ATDS as equipment which has the capacity "(A) to store or produce telephone numbers to be called, using a random or sequential number generator;

---

[2] As Rocket Mortgage demonstrates in its contemporaneously-filed Motion to Compel Arbitration (ECF No. 15), Plaintiff expressly agreed to arbitrate the federal and state law claims improperly brought in this lawsuit. Of course, if this Court agrees that Plaintiff agreed to arbitration, then it need not reach this Motion.

and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A)-(B).  According to the Supreme Court, "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1167 (2021).  Here, although Plaintiff makes the conclusory allegation that "Defendant and/or its agents utilized an automatic telephone dialing system . . . [that] has the capacity to store, produce, and dial random or sequential numbers" (FAC ¶ 8), he does not plead any facts that his phone number was randomly or sequentially generated (and it was not).  And his admission in his original Complaint that he voluntarily provided his phone number online as part of a request for mortgage refinance information belies any assertion that his phone number was randomly or sequentially generated and called by Rocket Mortgage.  Compl. ¶¶ 23-26, 30; *see also* FAC ¶ 31.  Instead, the plausible and common sense inference arising from Plaintiff's admission is that the calls and texts were made because Plaintiff provided his number as part of his online request for mortgage refinance information from Rocket Mortgage.  Such targeted calls made in response to a request for them at a number provided by Plaintiff are not consistent with, and contrary to, the use of an ATDS.  *E.g.*, *Snow v. Gen. Elec. Co.*, No. 5:18-CV-511-FL, 2019 WL 2500407, at *4 (E.D.N.C. June 14, 2019) ("Because plaintiff alleges that the text messages she received were intended for . . . *a targeted recipient* . . . it is not reasonable to infer that the messages were sent" using an ATDS (emphasis added)).

Second, as to the TCPA DNC registry claim in Count III, the applicable provision applies only to telephone solicitation calls, which FCC—the federal agency responsible for the TCPA— expressly defines to exclude calls made with prior invitation or permission.  47 C.F.R. § 64.1200(f)(15).  Here, however, Plaintiff admitted in his original Complaint that he provided his

phone number online as part of a request for mortgage refinance information and invited the challenged calls and texts.  Compl. ¶¶ 23-26, 30; *see also* FAC ¶ 31.  Such invited calls and texts are not "telephone solicitations," and so cannot sustain Count III as a matter of law.

Third, as to the TCPA procedures claims in Count IV, Plaintiff fails to plead plausible factual allegations that Rocket Mortgage failed to implement the requisite procedure for maintaining an internal do-not-call list.  The FAC nowhere contains any factual allegations to make its conclusory assertion that Rocket Mortgage did not have the requisite internal do-not-call list procedure plausible (47 C.F.R. § 64.1200(d)).  This is not surprising given that the Southern District of Florida already has concluded that Rocket Mortgage had the requisite internal do-not-call list procedure in place as early as 2012—nine years before the 2021 telephone calls alleged here.  *Nece v. Quicken Loans, Inc.* (n/k/a/ Rocket Mortgage), No. 8:16-cv-2605, 2018 WL 1326885, at *7-8 (M.D. Fla. Mar. 15, 2018).  The FAC here pleads no plausible basis for this Court to conclude that Rocket Mortgage somehow had the requisite procedure in 2012, but not in 2021.

Lastly, the NHTSC claims Counts V and VI fail to state a claim because (a) just as the challenged calls were not "telephone solicitations" within the meaning of the TCPA, they were not "telemarketing" calls within the meaning of the NHTSC; (b) the statute does not apply unless the caller made "more than five tele[marketing] calls per month" to the customer (N.H. Rev. Stat. Ann. § 359-E:7(X)) and here Plaintiff alleges only a total of four telephone calls from Rocket Mortgage (FAC ¶¶ 20-22, 24); and (c) the statute does not apply to text messages (N.H. Rev. Stat. Ann. § 359-E:7(X) ("Telemarketing shall not include the solicitation of sales through media other than by telephone calls.").

For these and the additional reasons discussed below, the FAC fails to state a claim and should be dismissed.

## **BACKGROUND**

In the original Complaint, Plaintiff admitted that "[i]n or around early September 2021" he went online and submitted his personal information, including his phone number, in order to "check his eligibility" to save money on his mortgage. Compl. ¶¶ 20-21. Plaintiff alleged that he typed in personal information about himself, including his name, email address, home address, phone number, employment status, the amount owed on his mortgage, his mortgage's interest rate, his military status, and credit information, to see if he qualified and to see potential mortgage rates. Compl. ¶¶ 22-25. According to Plaintiff, to "view his results, [he] entered his information and selected Submit" at the bottom of the website. *Id*. Plaintiff also stated that shortly after making his online request for mortgage refinance information, "Plaintiff began receiving telemarketing calls from Rocket Mortgage." *Id.* ¶ 30.

After Rocket Mortgage alerted Plaintiff's counsel to the fact that Plaintiff had made his request for mortgage refinance information from Rocket Mortgage at a different website (refinance.enhancedrefinow.com) than the one pled in the original Complaint (fedratewatch.org), Plaintiff filed the FAC on November 4, 2022. In the FAC, instead of correcting the allegations regarding which website Plaintiff visited, Plaintiff completely removed his allegations regarding his online request for mortgage refinance information in apparent recognition that those allegations doomed his TCPA and NHTSC claims. *Compare* Compl. ¶¶ 20-25 *with* FAC. The only remaining references to his online request for refinance information are now buried in the putative class definitions, where Plaintiff limits the putative classes to individuals "whom Defendant claims it obtained [prior consent or invitation or permission] via the website ***refinance.enhancedrefinow.com***." FAC ¶ 31 (emphasis added).

Similar to the original Complaint, the FAC alleges that "[i]n September 2021, Plaintiff began receiving unsolicited telemarketing calls from Rocket Mortgage." FAC ¶ 20. Specifically, he alleges that he received four phone calls (one call on September 13, 2021, two calls on September 14, 2021 and one call on September 15, 2021) and three text messages (one on September 14, 2021 and two in March 2022) from Rocket Mortgage. FAC ¶¶ 20-26.

Plaintiff claims that his cell phone number—the same one he provided as part of his online request for mortgage loan information—was registered on the DNC registry on February 23, 2019, *id*. ¶ 18, and that the calls and texts he received from Rocket Mortgage were made without his prior consent. *Id*. ¶¶ 20, 29. Daschbach also claims that during the September 15, 2021 call, he requested that Rocket Mortgage stop placing calls to his cell phone. *Id.* ¶ 24.

Against these sparse (and selective) allegations, Plaintiff purports to assert four claims against Rocket Mortgage for violation of the TCPA and two claims for violation of the NHTSC.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Plaintiff must present "more than labels and conclusions" in his Complaint to establish his entitlement to relief; his "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" are insufficient to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citation omitted). Rather, when "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010). "[A] reviewing court is obliged neither to 'credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' nor to honor

subjective characterizations, optimistic predictions, or problematic suppositions." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992) (citation omitted).

Although the filing of an amended pleading supersedes the original, as "an admission against interest," the original complaint does not disappear. *Wiseman,* 463 F.2d at 227; *see also Phillips v. Murphy*, No. CIV.A. 0140166RWZ, 2003 WL 22595198, at *2 (D. Mass. Nov. 10, 2003) (dismissing plaintiff's due process claims asserted in amended complaint based on admission made in original complaint); *Glob. ePoint, Inc. v. GTECH Corp.*, 58 F. Supp. 3d 178, 190 (D.R.I. 2014) (denying summary judgment on basis of admissions made in original complaint as "statements made in the superseded complaint may be party admissions, usable as such, despite the subsequent amendment of the complaint") (internal quotations omitted).  Rather, courts in this Circuit regularly consider facts from an original complaint in deciding a Rule 12(b)(6) motion to dismiss.  *See Tomas v. Buckley*, No. 19-cv-12079-ADB, 2020 WL 2616304, at *4 (D. Mass. May 22, 2020) (granting motion to transfer for lack of personal jurisdiction after taking facts from original complaint and amended complaint); *Golub v. Ne. Univ.*, No. 19-cv-10478-ADB, 2020 WL 3086050, at *1 (D. Mass. June 10, 2020), *aff'd*, No. 20-1674, 2021 WL 6425374 (1st Cir. July 20, 2021) (considering facts from original and amended complaint and granting motion to dismiss). This is particularly true when, as here, the amended complaint contains sparse detail regarding the facts at issue.  *See Lifchits v. Integon Nat'l Ins. Co.*, No. 18-cv-12637-ADB, 2020 WL 4756272, at *1 (D. Mass. Aug. 17, 2020) (dismissing amended complaint after considering original complaint to "discern the factual allegations that support Plaintiff's claims" because "the amended complaint contains limited details about the accident at issue").

Application of these well-established standards to the FAC demonstrates that this Motion should be granted and Plaintiff's claims dismissed.

**ARGUMENT**

**I.      COUNTS I AND II FAIL BECAUSE PLAINTIFF FAILS TO PLEAD THE ATDS ELEMENT OF HIS TCPA ATDS CLAIMS.**

An essential element of any TCPA ATDS claim—the claim alleged in Counts I and II here—is that the challenged calls or texts were made using an "automatic telephone dialing system."  47 U.S.C. § 227(b)(1)(A).  Daschbach's TCPA ATDS claims fail because he has not plausibly alleged that Rocket Mortgage used an ATDS to make any call or text message to his cellphone.  This omission is fatal, and so Daschbach's TCPA cellphone provision claims in Counts I and II must be dismissed.

Last year the Supreme Court struck-down an expansive interpretation of what constitutes an ATDS and instead held that the strict statutory language controlled.  *Duguid*, 141 S. Ct. at 1168-69.  The Supreme Court held that telephone technology cannot constitute an ATDS unless such technology has (1) "the capacity either to store a telephone number using a random or sequential number generator," or (2) "to produce a telephone number using a random or sequential number generator."  *Id.* at 1164, 1167.  Here, however, the FAC does not allege any facts sufficient to plead that the technology purportedly used to make any calls or text message to Plaintiff meets either requirement under *Duguid*.  Instead, Plaintiff offers little more than a conclusory allegation that Rocket Mortgage used an ATDS to call and text him.  FAC ¶¶ 8, 43.  But such conclusory allegations devoid of factual enhancement that merely parrot the statutory language are insufficient to sustain Plaintiff's pleadings burden as a matter of law.  47 U.S.C. § 227(a)(1); *e.g.*, *U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 240 (1st Cir. 2004) ("[s]imply parroting the language of a statutory cause of action, without providing some factual support, is not sufficient to state a claim"); *Lord v. Kisling, Nestico & Redick, LLC*, No. 1:17-CV-01739, 2018 WL 3391941, at *3 (N.D. Ohio July 12, 2018) ("Plaintiffs' complaint only parrots the statutory

language and fails to state a claim for violation of the TCPA."); *Aikens v. Synchrony Fin. d/b/a Synchrony Bank*, No. 15-10058, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015), *report and recommendation adopted*, 2015 WL 5818860 (E.D. Mich. Aug. 31, 2015) (collecting cases; the "Court may not accept an assertion that an ATDS was used simply because Plaintiff states as much"); *Naiman v. Freedom Forever, LLC*, No. 19-cv-00256-JSC, 2019 WL 1790471, at *3 (N.D. Cal. Apr. 24, 2019) (dismissing ATDS claims where "complaint contains no further, *factual* allegations regarding the alleged use of an ATDS. Such 'a formulaic recitation of the elements of a cause of action' is insufficient to survive dismissal") (emphasis original) (quoting *Iqbal*, 556 U.S. at 678); *see also Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009) (affirming dismissal of defendants for which plaintiff's allegations only parroted the statutory standard).

Nor are Plaintiff's TCPA ATDS claims in Counts I and II saved by his bald assertion that "the dialing system used to place the calls at issue has the capacity to use a random or sequential number generator in the process of storing numbers from a pre-produced list for texting and calling at a later date." FAC ¶ 9. A system that dials numbers from a pre-produced list is not an ATDS and any assertion otherwise "is precisely the outcome the Supreme Court rejected in *Duguid* when it overturned a decision by this court holding that an ATDS 'need only have the capacity to store numbers to be called and to dial such numbers automatically.'" *Meier v. Allied Interstate LLC*, No. 20-55286, 2022 WL 171933, at *1 (9th Cir. Jan. 19, 2022) (affirming dismissing of ATDS claim); *Soliman v. Subway Franchisee Advert. Fund Tr., Ltd*., No. 3:19-cv-592 (JAM), 2022 WL 2802347, at *3 (D. Conn. July 18, 2022), *appeal docketed*, No. 22-1726 (2d Cir. Aug. 9, 2022) ("The TCPA is clear: a device is not an automatic telephone dialing system merely because it generates random or sequential index numbers that are used in turn to select which numbers to call from a stored list").

Indeed, Plaintiff's assertion has been consistently rejected post-*Duguid* as a legitimate basis for a TCPA ATDS claim, including by the Ninth Circuit, Eighth Circuit and lower courts within the Third Circuit, Fourth Circuit, Sixth Circuit, and Tenth Circuit. *Beal v. Outfield Brew House, LLC,* 29 F.4th 391, 396 (8th Cir. 2022) (holding that "system which merely stores and dials phone numbers is not an Autodialer"); *Borden v. eFinancial, LLC,* No. 21-35746, 2022 WL 16955661, *4 (9th Cir. Nov. 16, 2022) (same; "an autodialer must randomly or sequentially generate and dial a telephone number"); *Austria v. Alorica, Inc.*, No. 2:20-cv-05019-ODW (PVCx), 2021 WL 5968404, at *3 (C.D. Cal. Dec. 16, 2021) (dismissing TCPA claim for failure to allege facts supporting ATDS element; collecting cases)[3]; *see also Eggleston v. Reward Zone USA LLC*, No. 2:20-cv-01027-SVW-KS, 2022 WL 886094, at *4 (C.D. Cal. Jan. 28, 2022) ("to be an autodialer under § 227(a)(1), the equipment must use a number generator to generate the phone numbers *themselves.*") (emphasis in original); *Hufnus v. DoNotPay, Inc.*, No. 20-cv-08701-VC, 2021 WL 2585488, at *1 (N.D. Cal. June 24, 2021) (dismissing ATDS claim and rejecting same argument); *Edwards v. Alorica, Inc.*, No. 8:19-CV-02124-JWH-DFMx, 2021 WL 4622390, at *2 (C.D. Cal. Aug. 30, 2021) (granting default judgment on ATDS claim when plaintiff did not allege that the system used to place the calls "created her number randomly or sequentially"); *Watts v. Emergency Twenty Four, Inc*., No. 20-cv-1820, 2021 WL 2529613, at *3 (N.D. Ill. June 21, 2021) (dismissing TCPA claim where plaintiff does not allege that defendant's "system uses a random or sequential number generator" and "the alleged facts suggest that … [defendant's] equipment stored [plaintiff's] number in a database and dialed that stored number"); *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 WL 2936636, at *6 (E.D. Mich. July 13, 2021) (dismissing TCPA claim

---

[3] "None of [Congress's] concerns are present in a case where the phone numbers being dialed come from a legitimate list of customer or client contacts rather than the workings of a random or sequential number generator." *Id.* at *4.

where "Plaintiff pleads that she, and purported class members, were called in connection with specific accounts held by Defendant for a specific purpose, and not through randomly or sequentially generated numbers"); *Mina v. Red Robin Int'l, Inc.*, No. 20-cv-00612-RM-NYW, 2022 WL 2105897, at *5 (D. Colo. June 10, 2022), *appeal docketed*, No. 22-1286 (10th Cir. Sept. 13, 2022) (dismissing TCPA claim rejecting plaintiff's *Duguid* "footnote 7" argument); *Guglielmo v. CVS Pharmacy, Inc.*, No. 3:20cv1560 (JBA), 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021) (dismissing ATDS claim "under *Facebook*'s strict reading of the TCPA").  This Court should not hesitate to follow these courts and dismiss Plaintiff's TCPA ATDS claims.

The propriety of dismissal of Counts I and II is reinforced by the reality that the sparse factual allegations Plaintiff does plead about the calls and texts he received are inconsistent with the use of an ATDS to make them.  As noted, Daschbach admitted in his original Complaint that he provided his name and phone number online as part of a request for mortgage refinance information and that because of that online submission (not the requisite random or sequential number generation), he began to receive phone calls from Rocket Mortgage.  Compl. ¶¶ 23-25, 30. While he is silent on his provision of his phone number in the FAC, his prior admission, combined with the inclusion of the "refinance.enhancedrefinow.com" as a qualifying factor for inclusion in three of his putative class definitions (FAC ¶ 31), is fatal.[4]  There is no reason for Plaintiff to include that website in his class definitions unless he visited it, consistent with his allegations in his original Complaint.  The allegations in the Complaint and FAC combined support the only

---

[4] Rocket Mortgage's Motion to Compel Arbitration provides details regarding Plaintiff's online submissions and consents.  ECF No. 15.  This Court may take judicial notice of that filing on this Motion to Dismiss.  *See Lydon v. Local 103, Int'l Bhd. of Elec. Workers,* 770 F.3d 48, 53 (1st Cir. 2014) (on a motion to dismiss, "a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice"); *Jeranian v. Dermenjian,* No. CV 18-652JJM, 2019 WL 6117991, at *2, n.3 (D.R.I. Nov. 15, 2019) (taking judicial notice of other public filings in considering motion to dismiss).

plausible and common sense inference, which is that the calls and texts from Rocket Mortgage were a result of Plaintiff submitting his phone number online at the "refinance.enhancedrefinow.com" website, as he alleges. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *Twombly,* 550 U.S. at 564–69 (finding a plaintiff's factual allegations gave rise to an equally plausible inference of lawful conduct); *Squeri v. Mount Ida Coll*., 954 F.3d 56, 65-66 (1st Cir. 2020) (affirming dismissal where amended complaint failed to state a plausible claim; "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal."); *Doucette v. GE Cap. Retail Bank*, No. 14-CV-012-LM, 2014 WL 4955675, at *3 (D.N.H. Oct. 2, 2014) (TCPA claim not plausible where plaintiff only alleged that they received collections calls from defendant).

Here, Plaintiff's own allegations reveal that Rocket Mortgage called and texted *the phone number he provided online* in response to his request for information—not that Rocket Mortgage "produce[d]" and "dialed" his "telephone number using a random or sequential number generator." *Duguid*, 141 S. Ct. at 1164.[5]  "[C]ourts have rejected TCPA claims based on the alleged use of an autodialer where the plaintiff alleged that the contacted phone numbers were voluntarily provided to the defendant." *Mina*, 2022 WL 2105897, at *5.  Accordingly, Plaintiff's own allegations about

---

[5] Plaintiff pleads that after speaking to a Rocket Mortgage team member on September 14, 2021, "Plaintiff received a follow-up email from Mollie Warsing" (FAC ¶ 22), and the next day that same Rocket Mortgage banker called him back.  FAC ¶ 24.  These allegations further support that the calls were targeted to him, and not random.  Courts across the country consistently hold that targeted calls "weigh against an inference that [an] ATDS was used." *E.g.*, *Jovanovic v. SRP Invs. LLC*, No. CV-21-00393-PHX-JJT, 2021 WL 4198163, at *4 (D. Ariz. Sept. 15, 2021) (dismissing TCPA claim for failure to sufficiently plead ATDS element) (citation omitted).

his voluntary provision of his telephone number as part of a request for mortgage information  are fatal to his TCPA ATDS claim.  *E.g.*, *id.* (collecting cases); *Soliman*, 2022 WL 2802347, at *3 (dismissing TCPA claim for failure to allege phone number was randomly or sequentially dialed); *Borden v. eFinancial, LLC*, No. C19-1430JLR, 2021 WL 3602479, at *5 (W.D. Wash. Aug. 13, 2021), *aff'd*, No. 21-35746, 2022 WL 16955661 (9th Cir. Nov. 16, 2022) (dismissing ATDS claim when plaintiff "expressly alleges that he provided his phone number to eFinancial through the [online] form").

In sum, the FAC's conclusory assertions and sparse factual allegations are insufficient to move Daschbach's TCPA ATDS claims in Count I and II across the line from possible to plausible. *Twombly*, 550 U.S. at 557; *Iqbal*, 556 U.S. at 678.  Counts I and II should be dismissed.

## II.   COUNT III FAILS BECAUSE PLAINTIFF DOES NOT PLEAD THE THRESHOLD ELEMENT THAT HE RECEIVED TELEPHONE SOLICITATIONS WITHIN THE MEANING OF THE TERM UNDER THE TCPA.

Plaintiff's TCPA DNC claim in Count III rests on the DNC registry regulation set forth in 47 C.F.R. § 64.1200(c)(2).  FAC ¶¶ 59-72.  That provision prohibits "telephone solicitations" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."  47 C.F.R. § 64.1200(c)(2).  A "telephone solicitation" is defined as "a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . .  but such term does not include a call or message:  (i) [t]o any person with that person's prior express invitation or permission."  47 C.F.R. § 64.1200(f)(15). Here, Plaintiff's claim in Count III should be dismissed for the principal reason that he does not plead that the challenged calls and texts were "telephone solicitations" within this regulatory definition.  In fact, Plaintiff can plead no such thing because in his original Complaint he alleged that he invited the challenged calls and texts through his online submission requesting mortgage refinance information.  Compl. ¶¶ 23-25.

As discussed above (*supra* § I), because the original Complaint pled that Plaintiff provided his phone number for this purpose, and the FAC class definitions make reference to the refinance.enhancedrefinow.com website where he made his online request, such is an admission against interest that Plaintiff provided "permission or invitation" for the challenged calls and texts. And because he did, the calls and texts were not "telephone solicitations." "If a call is otherwise subject to the prohibitions of § 64.1200, persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752, 8769 (1992); *Morris v. Copart*, No. 15-724, 2016 WL 6608874, at *8 (E.D. Tex. Nov. 9, 2016) (finding challenged calls were not "telephone solicitations" when plaintiff invited calls); *see also Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 477 (2d Cir. 2021) ("The TCPA requires 'express permission,' which is defined as "[p]ermission that is clearly and unmistakably granted by actions or words, oral or written.' *Permission*, Black's Law Dictionary (11th ed. 2019). . . [Plaintiff] 'underst[ood] that by providing a fax number,' it was "agreeing to receive faxed advertisements' and 'clearly and unmistakably grant[ing]' permission to receive those fax advertisements."); *see also* 7 F.C.C. Rcd. 8752, 8756 (equating "invitation or permission" with "prior express consent").

In examining "prior express consent" under the TCPA, courts consistently find that providing one's phone number constitutes consent or invitation to receive calls and texts. *Saunders v. NCO Fin. Sys., Inc.*, 910 F. Supp. 2d 464, 467 (E.D.N.Y. Dec. 19, 2012) ("authorities are almost unanimous that voluntarily furnishing a cellphone number to a vendor or other contractual counterparty constitutes express consent"); *Lamont v. Furniture N., LLC*, No. 14-cv-036-LM, 2014 WL 1453750, at *3 (D.N.H. Apr. 15, 2014) ("By giving her phone number to BDF when she

bought merchandise, Mrs. Lamont also gave BDF express consent . . . to contact her. Thus, BDF is entitled to dismissal of Mrs. Lamont's claim under the TCPA"); *Ebling v. ClearSpring Loan Servs., Inc*., 106 F. Supp. 3d 1002, 1003, 1005 (D. Minn. 2015) (finding plaintiff could not establish a TCPA violation where she pleaded that she informed the defendant that it could contact her on her cell phone); *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-cv-1459, 2013 WL 6865772, at *5 (M.D. Fla. Dec. 31, 2013) (dismissing the plaintiff's TCPA claim where "the face of [his] Amended Complaint clearly contains the allegation that he voluntarily provided [defendant] with his cellular telephone number"), *aff'd*, 797 F.3d 1302 (11th Cir. 2015). Consistent with these authorities, because Daschbach admitted that he invited the calls and texts through his online submission, Plaintiff has not plausibly alleged in the FAC that he received "telephone solicitation[s]" from Rocket Mortgage to sustain his claim in Count III.  47 C.F.R. § 64.1200(f)(15).  Count III thus should be dismissed. *Fishman v. Tiger Nat. Gas, Inc.*, No. 17-05351, 2018 WL 1242076, at *4 (N.D. Cal. Mar. 8, 2018) (dismissing claims under 227(c) for failure to plausibly allege multiple telephone solicitation calls from defendant).

### III.   COUNT IV FAILS BECAUSE PLAINTIFF DOES NOT PLEAD THAT ROCKET MORTGAGE LACKED THE REQUISITE DO-NOT-CALL PROCEDURE.

Although Plaintiff's claim in Count IV (citing generally to Section 64.1200, without any pincite) is ambiguously muddied and overlapping with his claims in Count III (citing to Sections 64.1200(c) and (d)), it appears that in Count IV Plaintiff purports to plead a violation of 47 C.F.R. § 64.1200(d) for failure to institute the necessary procedures prior to calling Plaintiff.  FAC ¶¶ 75-77.  While Plaintiff revised Count IV in the FAC to remove the allegation that Rocket Mortgage failed to "hav[e] a written policy for maintaining a list of persons who request not to receive telemarketing calls from them" (*see* Compl. ¶ 88), he has (confusingly) lodged a similar challenge in FAC ¶ 69 within Count III.  To the extent Count III also purports to bring a claim for alleged

failure to institute procedures (see FAC ¶ 69), as explained below, it fails for the same reasons as Count IV.[6]  In any event, Plaintiff also now pleads that "on information and belief, Defendant fails to adequately train its employees and personnel involved in telemarketing in the existence and use of its do not call policy or do not call list."  FAC ¶ 78.  But there is no such claim—only a claim for the absence of such procedures—and in any event the allegation is conclusory and defectively pled.

As Plaintiff seems to acknowledge, Subsection 64.1200(d) does not allow a claim simply on the basis of an alleged failure to honor an opt-out request within a reasonable time.  Instead, the regulation states that "[n]o person or entity shall initiate any . . . call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls . . . ."  47 C.F.R. § 64.1200(d). But the FAC nowhere pleads plausible factual allegations that Rocket Mortgage had not instituted the requisite procedure for maintaining an internal do-not-call list.  A "violation of [64.1200(d)] is . . . the initiation of the phone call without having implemented the minimum procedures." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 632 (6th Cir. 2009) (internal quotation marks omitted); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 131 (D. Conn. 2016) ("[i]n order to allege a violation of subsection (d), a plaintiff must show that the entity placing the calls failed to institute the proper procedures prior to the initiation of the call."), *aff'd*, 686 F. App'x 48 (2d Cir. 2017).[7]

---

[6] Of course to the extent Count IV purports to or is construed to attempt to plead a separate claim for violation of the TCPA DNC registry provision, the claim fails for the same reasons as Count III.  *See* Section II, *supra*.

[7] *Benzion v. Vivint, Inc.*, No. 12-61826, 2014 WL 11531368, at *5 (S.D. Fla. Jan. 17, 2014) ("A plain reading of § 64.1200(d) reveals that any cause of action under it must include allegations that the consumer received a phone call from the telemarketer when the telemarketer did not have proper procedures in place to make such a phone call."); *Cunningham v. Lifestyles Dev., LLC*, 2019 WL 4282039, at *5 (E.D. Tex. Aug. 8, 2019), *report and recommendation adopted*, No. 4:19-CV-00006, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019) ("Plaintiff has not provided a

Here, even assuming arguendo that the challenged calls and texts were for telemarketing/solicitation purposes (and they were not for the reasons already explained in Section II above) such that Section 64.1200(d)'s internal do-not-call list procedure might apply, Plaintiff pleads no facts (none) regarding Rocket Mortgage's procedure for maintaining an internal do-not-call list.  For example, although this provision (47 C.F.R. § 64.1200(d)) provides that "persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list," Plaintiff does not plead that he requested this policy or that Rocket Mortgage failed to provide it.  Instead, Plaintiff offers only a bare conclusion reciting the regulation that "Defendant violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls and texts to be placed for telemarketing purposes . . . without instituting procedures that comply with the regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing calls."  FAC ¶ 69 (parroting the language from 47 C.F.R. § 64.1200(d)).  But as noted above, "the mere recitation of general statutory language without the support of factual allegations … is not enough to withstand a Rule 12(b)(6) motion."  *Birch St. Recovery Corp. v. Thomas*, No. CV-99-571-B, 2000 WL 1513799, at *5 (D.N.H. July 29, 2000). And, in the absence of plausible factual allegations that Rocket Mortgage lacked the appropriate procedure, this claim should be dismissed.  *Callier v. Nat'l United Grp., LLC,* No. EP-21-CV-71-DB, 2022 WL 4088205, at *8 (W.D. Tex. Sept. 6, 2022) (dismissing 64.1200(d) claim where complaint "only makes generalized allegations . . . [and does not] allege with any particularity or factual support that [defendants] do not meet the minimum standards required by § 64.1200(d)(1)–

---

sufficient basis in the pleadings to proceed" under § 64.1200(d) where he did not plausibly allege that defendant lacked internal procedure).

(7)"); *Benzion*, 2014 WL 11531368, at *5 (dismissing subsection 64.1200(d) claim for failure to allege lack of procedure).[8]

 Again, this conclusion is reinforced by Plaintiff's own allegations and facts of which this Court may take judicial notice of in resolving this Motion.  First, in the FAC, Plaintiff expressly acknowledges that Rocket Mortgage *does* have a do-not-call policy and internal do-not-call list when he alleges (again in conclusory terms) that "Defendant fails to adequately train its employees and personnel involved in telemarketing in the existence and use of *its do not call policy or do not call list*."  FAC ¶ 78 (emphasis added).[9]  Second, in 2018, the Southern District of Florida concluded in *Nece v. Quicken Loans, Inc.* (n/k/a/ Rocket Mortgage) that Rocket Mortgage has had the requisite internal do-not-call list procedure in place since as early as 2012—nine years before the 2021 calls alleged here.  2018 WL 1326885, at *7-8.  Neither the allegations in the FAC nor common sense provide any plausible basis for this Court to conclude that Rocket Mortgage somehow had the requisite procedure in 2012 but not in 2021.  Rather, the plausible inference to be drawn is that Rocket Mortgage has had the requisite procedure in place since at least 2012.

---

[8] At most, Plaintiff's conclusory allegation about two purported text messages after his stop request suggests an isolated instance of one consumer (Daschbach) who allegedly told Rocket Mortgage to stop calling but continued to receive texts.  FAC ¶¶ 24-26.  But an alleged "isolated failure to timely record a do-not-call request" is not a violation.  *Nece*, 2018 WL 1326885, at *8 ("sporadic or scattered non-compliance purportedly evidenced by a handful of calls" does not show a failure to institute compliant procedures).

[9] This conclusory allegation made "on information and belief" regarding employee training cannot sustain Count IV either.  *See Jones v. FMA All. Ltd.,* 978 F. Supp. 2d 84, 87 (D. Mass. 2013) ("bare allegation" made "[o]n information and belief … is insufficient to sustain a TCPA claim"); *Smith v. Liberty Mut. Ins. Co*., 2021 WL 1581017, at *2 (D. Mass. Apr. 22, 2021) (declining to credit conclusory legal allegations and dismissing TCPA claims).

**IV.     COUNTS V AND VI SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS
TO PLEAD THE STATUTE APPLIES TO THE CHALLENGED CONDUCT.**

In Counts V and VI, Plaintiff purports to assert claims for violation of the NHTSC, N.H.
Rev. Stat. Ann. § 359-E:8.  But the allegations in the FAC are insufficient to sustain either claim
for multiple reasons.

First, the NHTSC provisions at issue apply only to "telemarketing sales calls" and the calls
made in response to Plaintiff's invitation and request do not qualify for the same reasons they do
not qualify as "telephone solicitations" for purposes of Plaintiff's TCPA DNC registry claim in
Count III.  *See* Section II *surpa*.  Specifically, Plaintiff has not alleged "telemarketing sales calls"
under the NHTSC because a "telemarketing sales call" "shall not include a call made: (a) In
response to an express written or verbal request of the customer called."  N.H. Rev. Stat. Ann. §
359-E:7(XI)(a).

Second, Counts V and VI fail to state a claim as a matter of law because the NHTSC's
provisions facially do not apply to the challenged conduct based on Plaintiff's own allegations.
This is because while Plaintiff rests his claims on four telephone calls and three text messages, the
statute (a) does not apply where the customer has received less than five telephone calls in a month;
and (b) does not apply to text messages.

The applicable provisions of NHTSC prohibit "[t]elemarketers" from making
"telemarketing sales calls" to a customer in New Hampshire who has registered their name or
telephone number on the Federal Trade Commission's do-not-call registry.  N.H. Rev. Stat. Ann.
§ 359-E:8; FAC ¶ 83.  Yet, the FAC fails to plead that Rocket Mortgage is a "telemarketer" within
the meaning of the statute, which requires that Rocket Mortgage, "in connection with
*telemarketing*, makes telemarketing sales calls to [Plaintiff]. . ."  N.H. Rev. Stat. Ann. § 359-
E:7(IX) (emphasis added).  "Telemarketing" is defined as "any plan, program, or campaign which

19

is conducted to induce payment or the exchange of any other consideration for any goods or services by use of one or more telephones and which involves *more than 5 telephone calls per month* by a telemarketer in which the customer is located within the state at the time of the call. *Telemarketing shall not include the solicitation of sales through media other than by telephone calls.*" *Id.* at X (emphasis added).   Here, Plaintiff has pled only four telephone calls to his cellphone from Rocket Mortgage (FAC ¶¶ 20-22, 24), less than the "more than five" telephone calls within one month required to constitute "telemarketing" under the statute.   Because Rocket Mortgage's conduct does not constitute "telemarketing," the Company is not a "telemarketer," and the statute does not apply.   N.H. Rev. Stat. Ann. § 359-E:8.   Plaintiff's conclusory allegation that "Rocket Mortgage is a telemarketer within the meaning of [the statute]" (FAC ¶¶ 85, 96) need not be accepted as true when contradicted by the facts alleged and plain language of the statute. *Locapo v. Colsia*, 609 F. Supp. 2d 156, 160 (D.N.H. 2009) (dismissing complaint where "conclusory statement is contradicted by his factual allegations").

Finally, Plaintiff asserts in Count VI that Rocket Mortgage violated the statute because after Plaintiff allegedly requested that Rocket Mortgage stop making calls on September 15, 2021, Plaintiff allegedly received two text messages (in March 2022).   FAC ¶¶ 25-26, 98.   But as noted, the statute does not apply to text messages—"Telemarketing shall not include the solicitation of sales through media other than by telephone calls."   N.H. Rev. Stat. Ann. § 359-E:7(X); *see also id.* at XI ("'Telemarketing sales call' means a *telephone call* made by a telemarketer…") (emphasis added).   In fact, Plaintiff pleads no telephone *calls* after his purported stop request.   Accordingly, Count VI fails for the independent reason that it seeks to enforce the statute as to text messages, which are not governed by the statute.

For these reasons, Counts V and VI should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Rocket Mortgage respectfully requests that this Court grant its

Motion and dismiss the FAC for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ W. Kyle Tayman*
W. Kyle Tayman
Brooks R. Brown
Christina L. Hennecken
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com
CHennecken@goodwinlaw.com

Steven J. Dutton (NH 17101)
McLane Middleton
900 Elm Street | Manchester, NH 03101
(603) 628-1379 | steven.dutton@mclane.com

*Counsel for Rocket Mortgage, LLC*

Dated:  November 29, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, W. Kyle Tayman, certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on November 29,

2022.

V. Richard Ward, Jr. (NH Bar #14262)
rick@vrwardlaw.com
Law Offices of V. Richard Ward, Jr., PLLC
98 Center Street
PO Box 1117
Wolfeboro, NH 03894
Tel: (603) 569-9222
Fax: (603) 569-9022

Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Tel: (720) 907-7628

*/s/ W. Kyle Tayman*
W. Kyle Tayman