## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

RICHARD DASCHBACH                     :
individually and on behalf of all     :
others similarly situated,            :
                                      :
     Plaintiff,                      :
                                      :
                                      :   CASE NO. 1:22-cv-00346-JL
v.                                    :
                                      :
ROCKET MORTGAGE, LLC,                 :
                                      :
     Defendant.                      :
                                      :   April 5, 2023
                                      :

## ROCKET MORTGAGE, LLC'S ANSWER AND AFFIRMATIVE
## AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Rocket Mortgage, LLC ("Rocket Mortgage")—a multiple J.D. Power award winner for customer satisfaction in mortgage origination and servicing—hereby provides its answers and other responses to the First Amended Complaint ("FAC") (ECF No. 10) filed by Plaintiff Richard Daschbach ("Daschbach" or "Plaintiff") on November 4, 2022. Rocket Mortgage's responses are made without waiving, and expressly reserving, all rights Rocket Mortgage has to file dispositive motions that are addressed to the claims asserted in the FAC and continue to seek to compel Plaintiff's claims to arbitration. Except as specifically admitted herein, each and every allegation in the FAC is denied. Rocket Mortgage responds to the individually numbered and other paragraphs of the FAC as follows:

In response to the first unnumbered Paragraph of the FAC, Rocket Mortgage states that the allegations are introductory and conclusory in nature and otherwise contain no allegations of fact directed to Rocket Mortgage, and therefore require no response. To the extent the first unnumbered Paragraph of the FAC may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them.

### **"PARTIES"**[1]

1.    Rocket Mortgage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 concerning Plaintiff's current or former residency, and so denies them.

2.    Rocket Mortgage admits that it is a Michigan limited liability company with headquarters at the referenced address in Paragraph 2. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 2.

---

[1] Rocket Mortgage includes the headings used in the FAC strictly for ease of reference. Rocket Mortgage does not admit the truth of any allegations contained within any headings or subheadings in the FAC, but instead expressly denies any such allegations.

**"JURISDICTION AND VENUE"**

3.      Paragraph 3 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.

4.      Paragraph 4 states conclusions of law to which no response is required.  To the extent the second sentence of Paragraph 4 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage admits only that it offers and makes residential home mortgage loans secured by real property located in New Hampshire to consumers. Rocket Mortgage states that the remaining allegations in the second sentence of Paragraph 4, including without limitation the allegations about unidentified "substantial business," "significant business," "contracts" for unidentified "goods and services," "telemarketing," "the market in New Hampshire," "tortious acts," "person[s] or property," "substantial revenue from [unidentified] goods used or services rendered in" New Hampshire, and "substantial revenue from interstate or international commerce" are vague, ambiguous, and imprecise.  Rocket Mortgage cannot, therefore, admit or deny them, and so denies them.  Further responding, Rocket Mortgage specifically denies that it conducted any "tortious acts."

**"COMMON ALLEGATIONS OF FACT"**

5.      In response to the allegations in Paragraph 5, Rocket Mortgage admits only that it is a nationwide lender of residential home mortgage loans secured by real property in New Hampshire and other states.  Except as expressly admitted here, Rocket Mortgage denies the allegations in Paragraph 5.

6.      The allegations in the first sentence of Paragraph 6 are vague, ambiguous, imprecise and otherwise fail to identify or plead any facts concerning the subject "telemarketing campaign." Rocket Mortgage cannot, therefore, admit or deny the allegations in the first sentence of Paragraph

6, and so denies them.  Further responding to the allegations in the first sentence of Paragraph 6, Rocket Mortgage specifically denies that it engaged in any "telemarketing campaign" in violation of any applicable provisions of the TCPA or New Hampshire law.  Rocket Mortgage denies the allegations in the second sentence of Paragraph 6.

7.      Paragraph 7 states conclusions of law to which no response is required.  To the extent the allegations in Paragraph 7 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations.

8.      Rocket Mortgage denies the allegations in Paragraph 8.

9.      Rocket Mortgage denies the allegations in Paragraph 9.

10.      Rocket Mortgage denies the allegations in Paragraph 10.

11.      Paragraph 11 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations in Paragraph 11 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them and states that the TCPA and its legislative history speak for themselves and are the best evidence of their contents.

12.      Rocket Mortgage denies the allegations in Paragraph 12.

13.      Rocket Mortgage denies the allegations in Paragraph 13, and specifically denies that any class should be certified in this action.

14.      Rocket Mortgage denies the allegations in Paragraph 14, and specifically denies that any class should be certified in this action.

15.      Rocket Mortgage denies the allegations in Paragraph 15.

16.     The allegations in Paragraph 16 are vague, ambiguous, imprecise, hypothetical, speculative, and otherwise fail to identify the subject "third party" or the "telephone calls."  Rocket Mortgage cannot, therefore, admit or deny the allegations in Paragraph 16, and so denies them.

17.     The allegations in Paragraph 17 are introductory and conclusory in nature and otherwise contain no allegations of fact directed to Rocket Mortgage, and therefore require no response.  To the extent allegations in Paragraph 17 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them, and specifically denies that Plaintiff or any putative class members are entitled to any relief in this action and that any class should be certified in this action.

## "FACTS SPECIFIC TO PLAINTIFF"

18.     Rocket Mortgage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.  Rocket Mortgage cannot, therefore, admit or deny the allegations, and so denies them.

19.     Rocket Mortgage states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.  Rocket Mortgage cannot, therefore, admit or deny the allegations, and so denies them.

20.     In response to the allegations in Paragraph 20, Rocket Mortgage admits only that in response to Plaintiff's (or someone acting or purporting to act on his behalf, at his direction or as his agent or designee) September 13, 2021 submission and request at refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone number, a Rocket Mortgage team member placed an outbound call from the telephone number (888) 371-2180 to the telephone number ending in -7110 on September 13, 2021.  Except as

expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 20 and specifically denies that it made "unsolicited telemarketing calls" to Plaintiff.

21.     Rocket Mortgage denies the allegations in Paragraph 21.

22.     In response to the allegations in the first and second sentences of Paragraph 22, Rocket Mortgage admits only that in response to Plaintiff's (or someone acting or purporting to act on his behalf, at his direction or as his agent or designee) September 13, 2021 submission and request at refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone number, a Rocket Mortgage team member placed an outbound call from the telephone number (888) 371-2180 to the telephone number ending in -7110 on September 14, 2021 to respond to Plaintiff's request for information about Rocket Mortgage's products/services.  The allegations in the third and fourth sentences of Paragraph 22 are vague, ambiguous, imprecise and otherwise fail to identify the subject email (or attach the subject email to the FAC for Rocket Mortgage's reference).  Rocket Mortgage cannot, therefore, admit or deny the allegations in the third and fourth sentences of Paragraph 22, and so denies them.  Further responding, Rocket Mortgage states that the subject (but not identified or attached) email speaks for itself and is the best evidence of its contents.  Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 22.

23.     In response to the allegations in Paragraph 23, Rocket Mortgage admits only that in response to Plaintiff's (or someone acting or purporting to act on his behalf, at his direction or as his agent or designee) September 13, 2021 submission and request at refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone

number, a Rocket Mortgage team member sent a text message to the telephone number ending in -7110 on September 14, 2021 from short code 762538. The subject text message speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 23.

24.     In response to the allegations in Paragraph 24, Rocket Mortgage admits only that (a) in response to Plaintiff's (or someone acting or purporting to act on his behalf, at his direction or as his agent or designee) September 13, 2021 submission and request at refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone number, Mollie Warsing, a Rocket Mortgage team member, made an outbound call to the telephone number ending in -7110 on September 15, 2021 to respond to Plaintiff's request for information about Rocket Mortgage's products/services, (b) Plaintiff, or someone else answering the -7110 telephone number, instructed Ms. Warsing, "don't call anymore," and (c) in response to that instruction, Rocket Mortgage added the -7110 telephone number to its Company do-not-call list and ceased all communications with that telephone number until Plaintiff's (or someone acting or purporting to act on his behalf, at his direction or as his agent or designee) December 20, 2021 submission and request at refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone number. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 24.

25.     In response to the allegations in Paragraph 25, Rocket Mortgage admits only that in response to Plaintiff's (or someone acting or purporting to act on his behalf, at his direction or as his agent or designee) December 20, 2021 submission and request at

refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone number, a Rocket Mortgage team member sent a text message to the telephone number ending in -7110 on March 10, 2022 from the short code 762538. The subject text message speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 25.

26.     In response to the allegations in Paragraph 26, Rocket Mortgage admits only that in response to Plaintiff's (or someone acting or purporting to act on his behalf, at his direction or as his agent or designee) December 20, 2021 submission and request at refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone number, a Rocket Mortgage team member sent a text message to the telephone number ending in -7110 on March 25, 2022 from the short code 762538. The subject text message speaks for itself and is the best evidence of its contents. Except as expressly admitted herein, Rocket Mortgage denies the allegations in Paragraph 26.

27.     The allegations in Paragraph 27 are vague, ambiguous, imprecise, and otherwise fail to define or identify the referenced "additional telemarketing calls" and "cellular telephone number." Rocket Mortgage cannot, therefore, admit or deny the allegations, and so denies them.

28.     The allegations in Paragraph 28 are vague, ambiguous, imprecise and otherwise fail to identify or define the "subject" call. Rocket Mortgage cannot, therefore, admit or deny the allegations in Paragraph 28, and so denies them. Further responding, with respect to the calls and text messages specifically identified by alleged date and alleged source number in Paragraphs 20 through 26, Rocket Mortgage states only that each was made in response to Plaintiff's (or someone

acting or purporting to act on his behalf, at his direction or as his agent or designee) submissions and requests at refinance.enhancedrefinow.com to receive information about a residential mortgage loan and provision of express written consent to receive calls and text messages at the -7110 telephone number.  Except as expressly stated herein, Rocket Mortgage denies the allegations in Paragraph 28.

29. Rocket Mortgage denies the allegations in Paragraph 29.

30. Paragraph 30 states conclusions of law to which no response is required.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 30 and specifically denies that Plaintiff or any member of the putative classes is entitled to relief, and denies that any class should be certified in this action.

### "CLASS ACTION ALLEGATIONS"

31. In response to the allegations in Paragraph 31, Rocket Mortgage admits only that Plaintiff purports to assert claims against Rocket Mortgage on behalf of alleged putative classes. Rocket Mortgage denies all other allegations in Paragraph 31, and specifically denies that any class should be certified in this action.

32. In response to the allegations in Paragraph 32, Rocket Mortgage admits only that Plaintiff purports to exclude the identified persons and entities from the alleged putative classes identified in Paragraph 32 of the Complaint.  Rocket Mortgage denies all other allegations in Paragraph 32, and specifically denies that any class should be certified in this action.

33. Rocket Mortgage denies the allegations in Paragraph 33, and specifically denies that any class should be certified in this action.

34.     Rocket Mortgage denies the allegations in Paragraph 34, and specifically denies that any class should be certified in this action.

35.     Rocket Mortgage denies the allegations in Paragraph 35, and specifically denies that any class should be certified in this action.

36.     Rocket Mortgage denies the allegations in Paragraph 36, including all allegations in sub-paragraphs (a) through (j), and specifically denies that any class should be certified in this action.

37.     Rocket Mortgage denies the allegations in Paragraph 37, and specifically denies that any class should be certified in this action.

38.     Rocket Mortgage denies the allegations in Paragraph 38, and specifically denies that any class should be certified in this action.

**"FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff and the Autodialed Call Class)"**

39.     Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 38 above.

40.     Rocket Mortgage denies the allegations in Paragraph 40, and specifically denies that any class should be certified in this action.

41.     Rocket Mortgage denies the allegations in Paragraph 41.

42.     Rocket Mortgage denies the allegations in Paragraph 42, and expressly denies that the cited regulation "47 C.F.R. § 64.1200(f)(8)(i)" exists.

43.     Rocket Mortgage denies the allegations in Paragraph 43, and specifically denies that any class should be certified in this action.

44.     Rocket Mortgage denies the allegations in Paragraph 44, and specifically denies that Plaintiff or any putative class member are entitled to any actual or statutory damages under Section 227(b)(3)(B) or otherwise and denies that any class should be certified in this action.

45.     Paragraph 45 states conclusions of law to which no response is required.  To the extent Paragraph 45 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them, and specifically denies that its conduct was wrongful, willful, or knowing and that any class should be certified in this action.

46.     Rocket Mortgage denies the allegations in Paragraph 46, and specifically denies that any class should be certified in this action and that Plaintiff or any member of the putative classes are entitled to any declaratory or injunctive relief.

**"SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff and the Autodialed Stop Call Class)"**

47.     Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 46 above.

48.     Rocket Mortgage denies the allegations in Paragraph 48, and specifically denies that any class should be certified in this action.

49.     Rocket Mortgage denies the allegations in Paragraph 49.

50.     Rocket Mortgage denies the allegations in Paragraph 50, and specifically denies that any class should be certified in this action.

51.     Paragraph 51 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 51.

52.     Rocket Mortgage denies the allegations in Paragraph 52, and specifically denies that any class should be certified in this action.

53.     Rocket Mortgage denies the allegations in Paragraph 53, and specifically denies that any class should be certified in this action.

54.     The allegations in Paragraph 54 are vague, ambiguous, imprecise, and otherwise fail to identify the subject "stop call request."  Rocket Mortgage cannot, therefore, admit or deny them, and so denies them.  Further answering, Rocket Mortgage specifically denies that it continued to send text messages to Plaintiff after receiving a "stop call request," and specifically denies that it sent any text messages without prior express written consent.

55.     Rocket Mortgage denies the allegations in Paragraph 55, and specifically denies that any class should be certified in this action.

56.     Rocket Mortgage denies the allegations in Paragraph 56, and specifically denies that Plaintiff or any putative class member are entitled to any actual or statutory damages under Section 227(b)(3)(B) or otherwise and denies that any class should be certified in this action.

57.     Paragraph 57 states conclusions of law to which no response is required.  To the extent Paragraph 57 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them, and specifically denies that (a) its conduct was wrongful, willful, or knowing, (b) Plaintiff or any putative class member are entitled to any actual or statutory damages under Section 227(b)(3)(B) or otherwise, and (c) any class should be certified in this action.

58.     Rocket Mortgage denies the allegations in Paragraph 58, and specifically denies that any class should be certified in this action and that Plaintiff or any member of the putative classes are entitled to any declaratory or injunctive relief.

11

**"THIRD CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq*
**(On Behalf of Plaintiff and the DNC Registry Class)"**

59.     Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 58 above.

60.     Paragraph 60 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 60 and states that the cited statutory provision speaks for itself and is the best evidence of its contents.

61.     Paragraph 61 states conclusions of law to which no response is required and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 61 and states that the cited regulatory provision speaks for itself and is the best evidence of its contents.

62.     Paragraph 62 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 62 and states that the cited regulation and Report and Order speak for themselves and are the best evidence of their contents.

63.     Paragraph 63 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket

Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 63 and states that the cited regulatory provision speaks for itself and is the best evidence of its contents.

64.     Rocket Mortgage denies the allegations in Paragraph 64, and specifically denies that any class should be certified in this action.

65.     Rocket Mortgage denies the allegations in Paragraph 65, and specifically denies that any class should be certified in this action.

66.     Rocket Mortgage denies the allegations in Paragraph 66, and specifically denies that any class should be certified in this action.

67.     Rocket Mortgage denies the allegations in Paragraph 67, and specifically denies that any class should be certified in this action.

68.     Rocket Mortgage denies the allegations in Paragraph 68, and specifically denies that any class should be certified in this action and denies that it does not have records of consent, permission and invitation to call and text message Plaintiff or members of the putative classes.

69.     Rocket Mortgage denies the allegations in Paragraph 69, and specifically denies that any class should be certified in this action.

70.     Rocket Mortgage denies the allegations in Paragraph 70.

71.     Rocket Mortgage denies the allegations in Paragraph 71, and specifically denies that Plaintiff or any putative class member are entitled to any actual or statutory damages under 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200, or otherwise, and that any class should be certified in this action.

72.     Paragraph 72 states conclusions of law to which no response is required.  To the extent Paragraph 72 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them, and specifically denies that (a) its conduct

was wrongful, willful, or knowing, (b) Plaintiff or any putative class member are entitled to any actual or statutory damages under 47 U.S.C. § 227(c)(5) or otherwise, and (c) any class should be certified in this action.

73.    Rocket Mortgage denies the allegations in Paragraph 73, and specifically denies that Plaintiff or any member of the putative classes is entitled to injunctive or declaratory relief, and that any class should be certified in this action.

**"FOURTH CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq*
**(On Behalf of Plaintiff and the DNC Stop Class)"**

74.    Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 73 above.

75.    Rocket Mortgage denies the allegations in Paragraph 75, and specifically denies that any class should be certified in this action.

76.    Rocket Mortgage denies the allegations in Paragraph 76, and specifically denies that any class should be certified in this action.

77.    Rocket Mortgage denies the allegations in Paragraph 77, and specifically denies that any class should be certified in this action.

78.    Rocket Mortgage denies the allegations in Paragraph 78.

79.    Rocket Mortgage denies the allegations in Paragraph 79, and specifically denies that Plaintiff or any putative class member are entitled to any actual or statutory damages under Section 227(c)(5) or otherwise, and specifically denies that any class should be certified in this action.

80.    Paragraph 80 states conclusions of law to which no response is required.  To the extent Paragraph 80 may be construed to contain allegations of fact directed to Rocket Mortgage

requiring a response, Rocket Mortgage denies them, and specifically denies that (a) its conduct was wrongful, willful, or knowing, (b) Plaintiff or any putative class member are entitled to any actual or statutory damages under 47 U.S.C. § 227(c)(5) or otherwise, and (c) any class should be certified in this action.

81.     Rocket Mortgage denies the allegations in Paragraph 81, and specifically denies that Plaintiff or any member of the putative classes is entitled to injunctive or declaratory relief, and that any class should be certified in this action.

**"FIFTH CAUSE OF ACTION
Violation of N.H. Rev. Stat. Ann. § 359-E:8
(On Behalf of Plaintiff and the NH DNC Registry Class)"**

82.     Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 81 above.

83.     Paragraph 83 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 83 and states that the cited statutory provision speaks for itself and is the best evidence of its contents.

84.     Paragraph 84 states conclusions of law to which no response is required, and otherwise contains no allegations of fact directed to Rocket Mortgage requiring a response.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies the allegations in Paragraph 84 and states that the cited statutory provision speaks for itself and is the best evidence of its contents.

85.     Paragraph 85 states conclusions of law to which no response is required.  To the extent Paragraph 85 may be construed to contain allegations of fact directed to Rocket Mortgage

requiring a response, Rocket Mortgage denies them and states that the referenced statute speaks for itself and is the best evidence of its contents.

86.    The allegations in Paragraph 86 are vague, ambiguous, imprecise, and otherwise fail to identify or define the subject calls and text messages.  Rocket Mortgage cannot, therefore, admit or deny them and so denies them.  Further responding, Rocket Mortgage specifically denies that cany class should be certified in this action.

87.    The allegations in Paragraph 87 are vague, ambiguous, imprecise and otherwise fail to identify the subject time period during which Plaintiff and putative class members were registered on the Do Not Call Registry.  Rocket Mortgage cannot, therefore, admit or deny the allegations, and so denies them.  Further responding, Rocket Mortgage specifically denies that any class should be certified in this action.

88.    Paragraph 88 states conclusions of law to which no response is required.  To the extent Paragraph 88 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states that the allegations are vague, ambiguous, imprecise and otherwise fail to define or identify the "calls at issue."  Rocket Mortgage cannot, therefore, admit or deny the allegations, and so denies them.

89.    Rocket Mortgage denies the allegations in Paragraph 89, and specifically denies that any class should be certified in this action.

90.    Rocket Mortgage denies the allegations in Paragraph 90, and specifically denies that (a) Plaintiff or any putative class member are entitled to any actual or statutory damages under N.H. Rev. Stat. Ann. § 359-E:11, N.H. Rev. Stat. Ann. § 359-E:8, or otherwise, (b) Plaintiff or any putative class member are entitled to attorneys' fees and costs, and (c) any class should be certified in this action.

91.     Paragraph 91 states conclusions of law to which no response is required.  To the extent Paragraph 91 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them, and specifically denies that (a) its conduct was wrongful, willful, or knowing, (b) Plaintiff or any putative class member are entitled to any actual or statutory damages under N.H. Rev. Stat. Ann. § 359-E:11 or otherwise, and (c) any class should be certified in this action.

92.     Rocket Mortgage denies the allegations in Paragraph 92, and specifically denies that Plaintiff or any putative class member is entitled to injunctive or declaratory relief and denies that any class should be certified in this action.

**"SIXTH CAUSE OF ACTION**
**Violation of N.H. Rev. Stat. Ann. § 359-E:8**
**(On Behalf of Plaintiff and the NH DNC Stop Class)"**

93.     Rocket Mortgage hereby incorporates by reference, as if fully set forth herein, its answers and responses to the allegations in Paragraphs 1 through 92 above.

94.     Paragraph 94 states conclusions of law to which no response is required.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states only that the cited statutory provision speaks for itself and is the best evidence of its contents.  Except as expressly stated herein, Rocket Mortgage denies the allegations in Paragraph 94.

95.     Paragraph 95 states conclusions of law to which no response is required.  To the extent the allegations may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states only that the cited statutory provision speaks for itself and is the best evidence of its contents.  Except as expressly stated herein, Rocket Mortgage denies the allegations in Paragraph 95.

96.     Paragraph 96 states conclusions of law to which no response is required.  To the extent Paragraph 96 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states only that the referenced statute speaks for itself and is the best evidence of its contents, and otherwise denies the allegations.

97.     Rocket Mortgage denies the allegations in Paragraph 97, and specifically denies that any class should be certified in this action.

98.     Rocket Mortgage denies the allegations in Paragraph 98, and specifically denies that any class should be certified in this action.

99.     Paragraph 99 states conclusions of law to which no response is required.  To the extent Paragraph 99 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage states only that the allegations are vague, ambiguous, imprecise and otherwise fail to identify the "text messages at issue."  Rocket Mortgage cannot, therefore, admit or deny the allegations, and so denies them.

100.    Rocket Mortgage denies the allegations in Paragraph 100, and specifically denies that (a) Plaintiff or any putative class member are entitled to any actual or statutory damages under N.H. Rev. Stat. Ann. § 359-E:11, N.H. Rev. Stat. Ann. § 359-E:8, or otherwise, (b) Plaintiff or any putative class member are entitled to attorneys' fees and costs, and (c) any class should be certified in this action.

101.    Paragraph 101 states conclusions of law to which no response is required.  To the extent Paragraph 101 may be construed to contain allegations of fact directed to Rocket Mortgage requiring a response, Rocket Mortgage denies them, and specifically denies that (a) its conduct was wrongful, willful, or knowing, (b) Plaintiff or any putative class member are entitled to any

actual or statutory damages under N.H. Rev. Stat. Ann. § 359-E:11 or otherwise, and (c) any class should be certified in this action.

102.    Rocket Mortgage denies the allegations in Paragraph 102, and specifically denies that Plaintiff or any putative class member is entitled to injunctive or declaratory relief and denies that any class should be certified in this action.

### "PRAYER FOR RELIEF"

In response to the unnumbered paragraph, and its sub-parts, following Paragraph 102 of the FAC that begins with the word "WHEREFORE," Rocket Mortgage denies that Plaintiff or any putative class members are entitled to any relief, including but not limited to the relief sought in the sub-parts (A) through (I), and specifically denies that any class should be certified in this action.

### "JURY DEMAND"

In response to the unnumbered paragraph following the heading "Jury Demand" in the FAC, Rocket Mortgage states this Paragraph contains no allegations of fact directed to it requiring a response.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The FAC fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23, and class action treatment is not appropriate under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. and N.H. Rev. Stat. Ann. Title 359-E.

**THIRD DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, because he lacks standing.

**FOURTH DEFENSE**

Plaintiff lacks standing to pursue his claims because he, upon information and belief, has suffered no cognizable injury fairly traceable to the challenged conduct.

**FIFTH DEFENSE**

Plaintiff lacks standing to pursue his claims for injunctive relief because, among other reasons, there is no risk of future injury.

**SIXTH DEFENSE**

Recovery on Plaintiff's claim is barred or limited (in whole or part) by all defenses, statutory or otherwise, available under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, applicable regulations, and applicable case law, including that Plaintiff (or someone acting or purporting to act on his behalf) consented to, invited, and provided prior permission to receive the challenged calls, and Rocket Mortgage reserves and asserts all such defenses as if fully set forth herein.

**SEVENTH DEFENSE**

With respect to absent putative class members, in the event Plaintiff is allowed to pursue class certification, Rocket Mortgage reserves all affirmative defenses and claims, including, but not limited to, the defenses of lack of personal or subject matter jurisdiction; lack of standing; arbitration; prior express consent; prior express written consent; bankruptcy; good faith and/or that the claims may be barred by principles of *in pari delicto*, unclean hands, and/or similar legal or equitable principles; *res judicata*; and/or collateral estoppel, claim preclusion, judgment, waiver or similar concepts.

**EIGHTH DEFENSE**

The United States Constitution bars or limits the relief requested by Plaintiff, if and to the extent the relief would unfairly subject Rocket Mortgage to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on Rocket Mortgage.

**NINTH DEFENSE**

To the extent Rocket Mortgage placed a telephone call to Plaintiff in reliance on information provided by third parties, Rocket Mortgage hereby pleads and relies upon all rights, claims, and defenses that arise by virtue of the status, conduct, or rights of those third parties, including the protections of arbitration contracts that bar a civil lawsuit of this type, and of consents obtained.

**TENTH DEFENSE**

Rocket Mortgage relies on and asserts any and all defenses and limitations applicable to the subscribers or user(s) of the alleged telephone number, and co-subscribers to or co-users of the alleged telephone number.

**ELEVENTH DEFENSE**

Plaintiff's claim is barred because, upon information and belief, he, someone acting on his behalf, and/or another owner or user of the alleged -7110 telephone number, consented to and invited the challenged telephone calls and text messages.

## TWELFTH DEFENSE

Rocket Mortgage honored any opt-out request Plaintiff may have made within a reasonable time.

## THIRTEENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because he suffered no actual damages proximately caused by Rocket Mortgage.

## FOURTEENTH DEFENSE

The First Amendment to the United States Constitution bars or limits the relief requested by Plaintiff to the extent the relief sought would unfairly subject Rocket Mortgage to an unconstitutional restriction of free speech.

## FIFTEENTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Rocket Mortgage did not engage in willful or knowing conduct in violation of the TCPA or N.H. Rev. Stat. Ann. § 359-E:8.

## SIXTEENTH DEFENSE

Plaintiff's demand for treble damages is barred because Rocket Mortgage did not engage in willful or knowing conduct in violation of the TCPA or N.H. Rev. Stat. Ann. § 359-E:8.

## SEVENTEENTH DEFENSE

Rocket Mortgage did not use an "automated telephone dialing system," as that term is defined under the TCPA, to place any challenged telephone calls to the subject telephone number.

## EIGHTEENTH DEFENSE

Rocket Mortgage is not a "telemarketer" within the meaning of N.H. Rev. Stat. Ann. § 359-E:8.

### NINETEENTH DEFENSE

Some or all of the relief Plaintiff seeks is not available as a matter of law.

### TWENTIETH DEFENSE

Plaintiff's request for attorneys' fees and costs is barred or limited, in whole or in part, as a matter of law.

### TWENTY-FIRST DEFENSE

Plaintiff's state law claims are preempted in whole or part by the TCPA (47 U.S.C. § 227, *et seq*.).

### TWENTY-SECOND DEFENSE

Plaintiff's claim and class allegations are barred because there exists a binding agreement to arbitrate his claims, in which he waived his right to bring this action in court and any ability to assert any claims on behalf of a putative class.

### TWENTY-THIRD DEFENSE

Plaintiff's claim is barred, in whole or in part, by principles of unclean hands, and/or similar legal or equitable principles.

### TWENTY-FOURTH DEFENSE

Rocket Mortgage did not use a device that (i) "store[s] or produce[s] telephone numbers to be called, 'using a random or sequential number generator' and [(ii)] to dial those numbers" (*Facebook, Inc. v. Duguid,* 141 S. Ct. 1163, 1167 (2021)) to make any challenged telephone calls or text messages to the subject -7110 telephone number.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because Rocket Mortgage honored any purported opt-out request made by Plaintiff within a reasonable time, and as otherwise permitted by FCC regulation (47 C.F.R. § 64.1200(d)).

### TWENTY-SIXTH DEFENSE

Plaintiff's claims in Counts III and IV are barred, in whole or in part, because any calls or text messages were the result of an error and as part of its routine business practice, Rocket Mortgage meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

### TWENTY-SEVENTH DEFENSE

With respect to absent putative class members, in the event Plaintiff is allowed to pursue class certification of a nationwide class or a class consisting of persons who reside outside the state of New Hampshire, certification is barred because personal jurisdiction is lacking, certification would violate the Rules Enabling Act (28 U.S.C. § 2702(b)), certification is precluded by controlling law under *Bristol Myers-Squibb Co. v. Superior Court* (BMS), 137 S. Ct. 1773 (2017), certification is barred because personal jurisdiction and Article III standing is lacking, and/or certification is precluded by controlling law under *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

### TWENTY-EIGHTH DEFENSE

Rocket Mortgage hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

### TWENTY-NINTH DEFENSE

Rocket Mortgage expressly reserves its right to amend this Answer, including, but not limited to, by asserting additional defenses or making additional claims or counterclaims for

further relief, as discovery in this action shall warrant, or in the event of any future change in the nature or scope of this lawsuit.  Rocket Mortgage hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the FAC, Rocket Mortgage prays for relief as follows:

1.      That Plaintiff take nothing by way of the FAC;

2.      That all remaining Counts in the FAC be dismissed in their entirety with prejudice, and that judgment be entered in favor of Rocket Mortgage on those Counts;

3.      That Rocket Mortgage be awarded its costs and expenses of suit incurred herein with respect to its defense of Plaintiff's claims, including reasonable costs and attorneys' fees; and

4.      For such other and further relief as this Court deems just and proper.

April 5, 2023                                    Respectfully submitted,

                                                 */s/ W. Kyle Tayman*
                                                 W. Kyle Tayman (PHV)
                                                 Brooks R. Brown (PHV)
                                                 Christina L. Hennecken (PHV)
                                                 GOODWIN PROCTER LLP
                                                 1900 N Street, NW
                                                 Washington, DC  20036
                                                 Tel.: +1 202 346 4000
                                                 Fax: +1 202 346 4444
                                                 BBrown@goodwinlaw.com
                                                 KTayman@goodwinlaw.com
                                                 CHennecken@goodwinlaw.com

                                                 Steven J. Dutton (NH 17101)
                                                 McLane Middleton
                                                 900 Elm Street | Manchester, NH 03101
                                                 (603) 628-1379 |steven.dutton@mclane.com

                                                 Counsel for Rocket Mortgage, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, W. Kyle Tayman, certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on April 5, 2023.

V. Richard Ward, Jr. (NH Bar #14262)
rick@vrwardlaw.com
Law Offices of V. Richard Ward, Jr., PLLC
98 Center Street
PO Box 1117
Wolfeboro, NH 03894
Tel: (603) 569-9222
Fax: (603) 569-9022

Taylor T. Smith
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, CO 80210
Tel: (720) 907-7628


*/s/ W. Kyle Tayman*
W. Kyle Tayman