IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ROCKET MORTGAGE, LLC, a Michigan limited liability company,<br><br>*Defendant.* | Case No. 1:22-cv-00346-JL |

**DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

**DATE/PLACE OF CONFERENCE:** April 11, 2023 (telephonic)

**COUNSEL PRESENT/REPRESENTING**: Taylor Smith, counsel for Plaintiff Richard Daschbach; Christina Hennecken, Kyle Tayman, and Steven J. Dutton, counsel for Rocket Mortgage, LLC

## CASE SUMMARY

**THEORY OF LIABILITY**: This case challenges Defendant Rocket Mortgage, LLC's ("Defendant" or "Rocket Mortgage") alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and New Hampshire's state telemarketing laws, specifically the prohibitions against placing unsolicited autodialed, telemarketing calls to consumers whose numbers are registered on the National Do No Call Registry.

The facts are straightforward. Despite registering his telephone number on the DNC Registry, Plaintiff Richard Daschbach ("Plaintiff" or "Daschbach") began receiving unsolicited, autodialed telemarketing from Rocket Mortgage in September 2021. Between September 13 and September 15, 2021, Plaintiff received four calls and one text message. After requesting that the calls stop, Rocket Mortgage placed two additional text messages in March 2022. Plaintiff alleges these all were placed using an ATDS. All of the calls and texts sought to solicit Plaintiff to purchase Defendant's mortgage related products and services. Further, Plaintiff never consented to receive telemarketing calls from Rocket Mortgage, he has no relationship with Rocket Mortgage, and he denies that any "safe harbor" provision applies.

Accordingly, Plaintiff, on behalf of himself and classes of similarly situated individuals, filed the instant lawsuit to put an end to Rocket Mortgage's serial violations of the TCPA and New Hampshire's state telemarketing laws.

**THEORY OF DEFENSE**: Rocket Mortgage denies Plaintiff's claims and allegations. While Plaintiff correctly notes that he alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and New Hampshire's Telemarketing Sales Calls statute, N.H. Rev. Stat. § 359-E:8 ("NHTSC"), Rocket Mortgage's position is that there were no such violations and that Plaintiff's claims rest upon numerous demonstrably false allegations. Plaintiff requested and consented to the four (4) challenged calls and three (3) challenged text messages, and Rocket Mortgage did not use an "automatic telephone dialing system" (ATDS) to make any of them. These facts (and numerous others) are fatal to Plaintiff's claims.

To the extent known to it at this time (and specifically reserving all rights to supplement or amend based upon discovery and other developments in the litigation), Rocket Mortgage makes the following disclosures regarding the factual and legal bases of its current and anticipated defenses. Rocket Mortgage also refers to and incorporates herein its affirmative and other defenses as outlined in its Answer to the Amended Complaint (ECF No. 29):

1. **Consent**: As noted, prior to receiving any calls or text messages from Rocket Mortgage, Daschbach visited multiple websites, including Rocket Mortgage's own website, where he expressly requested and consented, invited and/or gave permission to receive calls and text messages from Rocket Mortgage multiple times. Daschbach's prior consent, invitation and/or permission is a complete defense to liability for his claims under the TCPA and NHTSC.

2. **Do-Not-Call list procedures safe harbor:** Rocket Mortgage intends to rely on its internal do-not-call list and its policies and procedures regarding compliance with the National Do-Not-Call Registry. 47 C.F.R. §§ 64.1200(c)(2)(i), (d). Those policies and procedures were in effect at the time of the challenged calls and provide Rocket Mortgage a safe harbor and complete defense to Daschbach's DNC claims because any telephonic communications to Daschbach without his prior invitation or permission would have been placed in error.

3. **Rocket Mortgage did not use an ATDS**: Rocket Mortgage did not use an automatic telephone dialing system ("ATDS") as that term is defined by the TCPA to make any calls or text messages to the Plaintiff. For that reason, Plaintiff's claims premised on the alleged use of such technology fail as matter of law and undisputed fact.

4. **Arbitration:** Rocket Mortgage intends to continue to rely on Daschbach's agreement to arbitrate (not litigate) his claims in this case, particularly to the extent discovery reveals his actual notice of the terms of the agreement or that Daschbach was on inquiry notice of the terms of the agreement.

**DAMAGES**: Plaintiff seeks statutory damages for Defendant's alleged violations of the TCPA, which provides $500 per unlawful call, which may be trebled to $1,500 per call where the calls were made willfully and/or knowingly. Plaintiff also seeks statutory damages from Defendant's alleged violations of New Hampshire's state telemarketing laws, which provide for at least $1,000 for each violation, which can be increased up to $3,000 but not less than $2,000 where the calls were made willfully or knowingly. Plaintiff also seek reasonable attorneys' fees and costs, pre- and post-judgment interest, and to enjoin Defendant from any alleged unsolicited calling activities. Plaintiff will calculate damages depending upon the number of class members and the number of calls following discovery.

Rocket Mortgage denies that Plaintiff is entitled to any relief in this action, denies that class treatment is warranted or appropriate pursuant to Fed. R. Civ. P. 23, and denies that any putative class members are entitled to any relief in this action. In addition, Rocket Mortgage expressly reserves its right to seek an award of attorneys' fees and costs against Plaintiff for any judgment in its favor or on account of Plaintiff's continued pursuit of claims based upon false allegations.

**DEMAND**: N/A

**OFFER**: N/A

**JURISDICTIONAL QUESTIONS**:

**Plaintiff's Position:** This case is an alleged class action brought under the TCPA, a federal statute. As such, this Court has original jurisdiction under 28 U.S.C. § 1331. Plaintiff also asserts that the Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

**Defendant's Position:** Rocket Mortgage agrees that this Court has original federal jurisdiction over this matter because it is a civil action "arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. Specifically, as a matter of law, Plaintiff's TCPA claims "plainly 'aris[e] under' the 'laws . . . of the United States." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012). In *Mims*, the Supreme Court held that the TCPA gives rise to federal question jurisdiction because "federal law creates the right of action and provides the rules of decision." *Id.* Given the existence of federal question jurisdiction, there is no need for this Court to reach the issue of diversity jurisdiction under CAFA and so Rocket Mortgage takes no position on that issue.

**QUESTIONS OF LAW:**

**Plaintiff's Position:**

1. Whether Defendant (or any third-party acting on Defendant's behalf) obtained prior express invitation, permission, or consent to make the calls and text message calls;
2. Whether the proposed class can be certified as a class action;
3. Whether Defendant (or any third-party acting on Defendant's behalf) placed the calls utilizing an automatic telephone dialing system;
4. Whether Defendant (or any third-party acting on Defendant's behalf) failed to timely honor Do Not Call requests from consumers;
5. Whether Defendant (or any third-party acting on behalf of Defendant) made repeated unsolicited calls to consumers who were registered on the National DNC Registry;
6. Whether Defendant (or any third-party acting on behalf of Defendant) made repeated unsolicited calls to New Hampshire residents who were registered on the National DNC Registry in violation of New Hampshire's state telemarketing laws;
7. Whether Plaintiff and the other class members are entitled to statutory damages;

8. Whether any violations of the TCPA and New Hampshire's state telemarketing laws were committed knowingly or willingly such that the Court should award treble damages; and
9. Whether an injunction and/or declaratory relief is appropriate.

**Defendant's Position:**

1. Whether Plaintiff's claims fail as a matter of law and/or fact;
2. Whether Defendant's affirmative and other defenses preclude all or some of Plaintiff's claims;
3. Whether Plaintiff provided prior express consent, invitation or permission to receive the subject calls and texts;
4. Whether Plaintiff entered into an agreement to arbitrate his claims in this case;
5. Whether Rocket Mortgage used an ATDS to make any calls or text messages to the Plaintiff;
6. Whether Rocket Mortgage has procedures in place to satisfy the TCPA's safe harbor pursuant to 47 C.F.R. 64.1200(c)(2);
7. Whether the NHTSC applies to text messages;
8. Whether the TCPA's federal do-not-call regulations apply to text messages;
9. Whether no class may be certified pursuant to Fed. R. Civ. P. 23 because the prerequisites to class certification cannot be met here, particularly with Plaintiff cast in the role of class representative;
10. Whether Plaintiff can show any entitlement to relief.

**TYPE OF TRIAL**: Jury.

## SCHEDULE

**TRACK ASSIGNMENT:     COMPLEX – 24 MONTHS**

The parties propose the following schedule:

- Motion to Amend Pleadings and/or Add Parties: August 10, 2023
- Deadline to Complete Class Certification Fact Discovery: February 9, 2024
- Initial Class Certification Expert Disclosure Due (Plaintiff): February 23, 2024
- Initial Class Certification Expert Disclosure Due (Defendant): March 8, 2024
- Rebuttal Class Certification Expert Disclosures Due: March 15, 2024
- Deadline to Complete Class Certification Expert Discovery: April 9, 2024
- Plaintiff to File Motion for Class Certification, including all arguments and evidence in support of his request for class certification: April 23, 2024
- Defendant to File Opposition to Class Certification, including all arguments and evidence in opposition to Plaintiff's request for class certification: May 23, 2024
- Plaintiff to File Reply ISO Motion for Class Certification, responding to Defendant's arguments in opposition to class certification: June 6, 2024
- Merits Expert Disclosures Due (Plaintiff):  August 13, 2024
- Merits Expert Disclosures Due (Defendant):  September 12, 2024
- Deadline to complete all fact and expert discovery: October 10, 2024 (or such

4

other date as may be set by the Court following its decision on class certification).

**TRIAL DATE:**  To be set after a decision regarding class certification.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** Disclosures shall be made by June 12, 2023.

**AMENDMENT OF PLEADINGS:**

   Plaintiff:  August 10, 2023        Defendant:     August 10, 2023

**JOINDER OF ADDITIONAL PARTIES:**

   Plaintiff:  August 10, 2023        Defendant:     August 10, 2023

**THIRD-PARTY ACTIONS**:  August 10, 2023

**MOTIONS TO DISMISS:**  N/A

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

   Class Certification Expert Disclosure Deadlines:

      Plaintiff:  February 23, 2024

      Defendant:  March 8, 2024

      Rebuttal Reports:  March 15, 2024

      Supplementations under Rule 26(e) due:  April 9, 2024

      Deadline to Complete Class Certification Expert Discovery: April 9, 2024

   Merits Expert Disclosure Deadlines:

      Plaintiff:  August 13, 2024

      Defendant:  September 12, 2024

**COMPLETION OF DISCOVERY:**

- Deadline to Complete Class Certification Fact Discovery:  February 9, 2024
- Deadline to Complete Class Certification Expert Discovery:  April 9, 2024
- Deadline to Complete Fact Discovery: October 10, 2024
- Deadline to Complete Expert Discovery: October 10, 2024

**MOTIONS FOR SUMMARY JUDGMENT***:*  The court should hold a subsequent case management conference following its decision regarding class certification to set deadlines for the remainder of the case.

**CHALLENGES TO EXPERT TESTIMONY:**  45 days prior to trial.

## DISCOVERY

**DISCOVERY NEEDED:**

**Plaintiff's Position:** Discovery is necessary regarding the questions of law issues set forth above.

**Defendant's Position:** Rocket Mortgage anticipates that it will conduct written discovery and depositions concerning Plaintiff, Plaintiff's alleged damages or injury, the class action requirements of Fed. R. Civ. P. 23, the parties' class certification experts, if any, the parties' merits experts, if any, and—in the event a class is certified—the factual merits and damages for any claims of absent class members. Rocket Mortgage reserves all rights to object to any discovery.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):** The parties agree to exchange initial disclosures on or before May 5, 2023.

**INTERROGATORIES**: The parties do not propose any further limitations beyond the limits imposed by the Federal Rules of Civil Procedure.

**REQUESTS FOR ADMISSION:** The parties do not propose any further limitations beyond the limits imposed by the Federal Rules of Civil Procedure.

**DEPOSITIONS:** The parties do not propose any further limitations beyond the limits imposed by the Federal Rules of Civil Procedure.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):** During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):** The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and work product material created after commencement of the action. Further, the parties anticipate seeking the entry of a proposed protective order to govern confidential, proprietary, and/or trade secret or other documents produced in this case that warrant protective treatment to avoid public disclosure.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES:** The parties have not engaged in settlement discussions. Settlement is unlikely at this time. The parties do not request a settlement conference or assistance at this time.

**JOINT STATEMENT RE: MEDIATION:** The Parties anticipate attending private, non-binding mediation before a mutually agreeable mediator following the close of fact related discovery.

**TRIAL ESTIMATE:** 14-21 days in the event a class is certified; 1-3 days for a non-class trial of Plaintiff's individual claims.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.
- Objections are due 14 days after filing of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties request a subsequent case management conference after the Court's decision regarding class certification to set the remaining deadlines for this case.

**OTHER MATTERS:** There are no additional matters need to be addressed at this time.

Date: April 25, 2023

RICHARD DASCHBACH, individually and on behalf of all others similarly situated,

 /s/ Taylor T. Smith

Taylor True Smith (admitted *pro hac vice*)
Woodrow & Peluso LLC
3900 E Mexico Ave Ste 300
Denver, CO 80210
720-907-7628
Fax: 303-927-0809
Email: tsmith@woodrowpeluso.com

V. Richards Ward , Jr.
Law Offices of V Richards Ward Jr PLLC
98 Center Street
PO Box 1117
Wolfeboro, NH 03894
Tel: 603-569-9222
Fax: 603-569-9022
Email: Rick@VRWardLaw.com

*Counsel for Plaintiff and the Classes*

By: __/s/ W. Kyle Tayman__

W. Kyle Tayman
Brooks R. Brown
Christina L. Hennecken
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com
CHennecken@goodwinlaw.com

Steven J. Dutton (NH 17101)
McLane Middleton
900 Elm Street | Manchester, NH 03101
(603) 628-1379 |
steven.dutton@mclane.com

*Counsel for Rocket Mortgage, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 25, 2023, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

                   */s/ Taylor T. Smith*