UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Richard Daschbach

     v.                                                         Civil No. 1:22-cv-00346-JL

Rocket Mortgage, LLC

## DISCOVERY ORDER

On June 30, 2023, the court held a video-conference, during which the parties discussed a discovery dispute regarding Rocket Mortgage's request for a forensic examination and inspection of the plaintiff's electronic devices.  The parties also provided written submissions summarizing their positions the dispute.

After considering the points raised by the parties, the court orders as follows. Rocket Mortgage's request for an inspection of the plaintiff's electronic devices is granted as to the plaintiff's iPad (the "iPad"), which he represents he used to submit inquiries to the subject website, Refinance.enhancedrefinow.com, on September 13, 2021 and December 20, 2021.  Rocket Mortgage accepted this representation. The inspection will occur under the following protocol, as proposed by Rocket Mortgage and modified by the court[1]:

---

[1] The court removed proposed subpart "d." from the inspection protocol, which would have permitted the examiner to search for "[r]ecords and evidence that the Electronic Device(s) was altered in any manner from September 1, 2021 to the present, including any deletion of internet browsing history or any wiping or resetting of the Electronic Device(s)."  The court is not yet persuaded that Rocket Mortgage has made the requisite showing to warrant this aspect of the inspection.  This ruling is without prejudice to Rocket Mortgage requesting similar evidence at a later time, presuming it can lay "a proper foundation for the contention that Plaintiff failed to take reasonable steps to preserve relevant evidence at a time when he reasonably anticipated or was conducting litigation against Defendant." Hardy v. UPS Ground Freight, Inc., No. 3:17-CV-30162-MGM, 2019 WL 3290346, at *5 (D. Mass. July 22, 2019).

1

1. On a mutually agreeable date, Rocket Mortgage, at its expense, will arrange for a computer forensics examiner to make forensic copies of data stored on the iPad and associated cloud storage account(s). The location of the examination could be at Plaintiff's residence, either party's local counsel's office, or another mutually agreeable location. Upon retention, the examiner will execute an "Acknowledge and Agreement to be Bound" by the parties' protective order in this matter.

2. After completion of the forensic copying of data from the iPad and associated cloud account(s), the computer forensics examiner will take possession of the forensic copies and return to his or her offices to complete the following targeted searches and analysis on the forensic data sets. These searches shall include the following:

   a. Records and evidence that the iPad was used to access the Refinance.enhancedrefinow.com website at any time from September 1, 2021 through December 31, 2021.

   b. Records and evidence that the iPad was used to view any terms of use accessible through the Refinance.enhancedrefinow.com website at any time from September 1, 2021 through December 31, 2021.

   c. Records and evidence that the iPad was used to research mortgage or refinance products on the internet, including at Rocket Mortgage's website or other websites similar to Refinance.enhancedrefinow.com, at any time from September 1, 2021 through December 31, 2021.

    d.  Records and evidence that the iPad was used to receive communications from, or communicate with, Refinance.enhancedrefinow.com, Rocket Mortgage, or its affiliates, from September 1, 2021 through December 31, 2021.

    3.  Upon completion of the searches and analysis, the computer forensics examiner will provide the results to Plaintiff to conduct a review to identify any attorney-client privileged communications. Within 14 days of Plaintiff's receipt of the results, Plaintiff will either (a) agree for the forensic examiner to release the results to Rocket Mortgage in full, or (b) instruct the examiner of any required redactions to the results due to the assertion of the attorney-client privilege and permit the production of the redacted results to Rocket Mortgage, along with a compliant privilege log, within 14 days thereafter.

    4.  The computer forensic examiner shall agree in writing that all copies of data from Plaintiff's iPad and cloud account(s) that are in the possession of the forensics examiner must remain confidential and not be disclosed to anyone, except that the results of the search and analysis protocols identified above shall be released to Plaintiff's counsel and Rocket Mortgage and its counsel. Rocket Mortgage and its attorneys agree to keep all materials that plaintiff deems to be confidential, nonpublic information as confidential in accordance with the court's protective order for this case.

    5.  Thirty days after Rocket Mortgage receives the results of the inspection, provided there are no disputes outstanding between the parties regarding the inspection,

Rocket Mortgage will instruct the forensics examiner to return the forensic copies to Plaintiff, or destroy them, at Plaintiff's direction.

6. Rocket Mortgage will bear the complete cost of the forensic examiner's work.

**SO ORDERED.**

/s/ Joseph N. Laplante
Joseph N. Laplante
United States District Judge

Date: June 30, 2023

cc: Counsel of Record