IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ROCKET MORTGAGE, LLC, a Michigan limited liability company,<br><br>*Defendant.* | Case No. 1:22-cv-00346-JL |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

**I.    INTRODUCTION**

The Court should grant Plaintiff Richard Daschbach's ("Plaintiff" or "Daschbach") Motion for Leave to File a Second Amended Complaint. As set forth below, the proposed amendments provide specific details regarding the calls at issue in this case, including when and who placed the calls, as well as allegations further specifying Daschbach's efforts to get the calls to stop. All of the amendments relate back to the initial filing and in no way prejudice Defendant Rocket Mortgage, LLC. As such, and given that leave to amend should be freely given under the Rules, the Court should allow the amendment here.

**II.    BACKGROUND**

On September 2, 2022, Plaintiff Daschbach initiated this alleged class action against Defendant Rocket Mortgage, LLC ("Defendant" or "Rocket Mortgage"), claiming that Rocket Mortgage violated the federal Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq.* and New Hampshire state telemarketing laws. (Dkt. 1.) The complaint was later amended on November 4, 2022. (Dkt. 10.) Thereafter, Rocket Mortgage moved to compel arbitration (dkt. 15)

and to dismiss the complaint for failure to state a claim (dkt. 16). On March 22, 2023, following briefing and argument, the Court denied both motions. (Dkt. 28.) On April 30, 2023, the parties submitted a proposed discovery plan to the Court (dkt. 30), and discovery commenced in relation to the claims and defenses.

On April 11, 2023, Plaintiff served his first set of discovery requests, including document requests and interrogatories. (*See* Declaration of Taylor T. Smith (hereafter "Smith Decl.") ¶ 3, attached hereto as Exhibit A.) On May 15, 2023, Rocket Mortgage served its objections and responses to Plaintiff's first set of requests[1] but withheld its document production citing the need for a protective order and claiming that it would produce documents on a rolling basis (which Plaintiff objects to). (*Id.* ¶ 4.) After the protective order was in place, Rocket Mortgage eventually served its initial document production on June 27, 2023, representing only a portion of the documents in its possession. (*Id.* ¶ 5.) The production included a spreadsheet, apparently generated from Rocket Mortgage's internal system, which purports to contain a breakdown of various information relating to the calls, as well as eighteen (18) call recordings. (*Id.* ¶ 6.) Following the production, Plaintiff's counsel spent considerable time assessing and reviewing the information produced by Rocket Mortgage. (*Id.*)

On July 5, 2023, Plaintiff served a discovery deficiency letter on Rocket Mortgage. (*Id.* ¶ 7.) Rocket Mortgage's counsel made themselves available to confer on the discovery responses on July 27, 2023, and later on July 31, 2023. (*Id.*) During the conferrals, Rocket Mortgage represented that all calls and texts that were placed to Plaintiff were contained within the documents and data produced. (*Id.*) Thereafter, Plaintiff spent further time reviewing and analyzing the records to

---

[1] Despite serving an interrogatory requesting Defendant to identify all communications, Rocket Mortgage refused to provide the communications and instead referred Plaintiff to documents that it had not yet produced.

2

identify all of the calls and text messages at issue as well as deciphering the call recordings, which traced back to the calls identified in the data file. (*Id.* ¶ 8.) The records reflect considerably more calls and texts than Plaintiff was aware were sent. (*Id.*)

On August 4, 2023, Plaintiff finished obtaining his call records from Consumer Cellular, which covered the time periods reflecting the new calls. (*Id.* ¶ 9.) The records reflect that Plaintiff did, in fact, receive the calls and text messages reflected in the records produced by Rocket Mortgage. (*Id.*) Rocket Mortgage's records further reflect an additional call received on December 20, 2021, in which Plaintiff expressed his clear desire to not receive future communications from Rocket Mortgage by stating that he was "not interested" in their products. (*Id.* ¶ 8.) The records also reveal that after Rocket Mortgage acknowledged his lack of interest, it switched gears and opted to blast out eighteen (18) text messages advertising its products and services. (*Id.*)

Based on the newly discovered (and confirmed) calls and texts, Plaintiff now seeks leave to amend his complaint in the form attached hereto as Ex. B.

## II.   ARGUMENT

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend pleadings should be "freely given when justice so requires."[2] *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (citing Fed. R. Civ. P. 15(a)). The court may, however, "deny a motion to amend in appropriate circumstances such as 'undue delay, bad faith, futility, and the absence of

---

[2] In the discovery plan (which was approved with modifications), the parties agreed that any motions to amend pleadings should be filed by August 10, 2023. (Dkt. 30.) As Plaintiff files his motion to amend prior to the expiration of this deadline, he is not held to the "good cause" standard in Rule 16(b). *See Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013) ("'[O]ur case law clearly establishes that Rule 16(b)'s 'good cause' standard, rather than Rule 15(a)'s 'freely give[n]' standard, governs motions to amend filed after scheduling order deadlines' have passed." (citation omitted)). In the event the Court finds that no deadline was set, the "freely given" standard would still apply. *See Souza v. Gulliver's Tavern Inc.*, No. CV 19-492JJM, 2021 WL 2226558, at *1 (D.R.I. June 2, 2021).

due diligence on the movant's part.'" *Galibois v. Fisher*, No. CIV. 04-CV-444-JD, 2007 WL 1160331, at *3 (D.N.H. Apr. 18, 2007) (citing *Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006)). Given the language of Rule 15(a), denying leave to amend based on delay must be premised on "extraordinarily long and essentially unexplained delay." *Johnson v. Educ. Testing Serv.*, 754 F.2d 20, 27 (1st Cir. 1985).

LR 15.1(a) further requires that: "A party who moves to amend a filing shall (i) attach the proposed amended filing to the motion to amend, (ii) identify in the motion or a supporting memorandum any new factual allegations, legal claims, or parties, and (iii) explain why any new allegations, claims, or parties were not included in the original filing." As set forth below, all of these requirements are met here. A redlined version of the proposed Second Amended Complaint is attached hereto as Ex. C, which indicates in what respects the proposed amended complaint differs from the First Amended Complaint.

Leave to amend should be freely given because the amendments add details learned in discovery and there has been no undue delay, bad faith, futility, or absence of due diligence on Plaintiff's part. As seen from the redline edits, the bulk of the amended allegations simply add details about the specific calls and text messages being challenged in this litigation. (*See* Ex. C ¶¶ 20-44.) Additionally, two of the calls were made by Rock Connections, a subsidiary or affiliate of Defendant, and allegations are added making clear that those calls were made on behalf of Rocket Mortgage and for its benefit. (*Id.* ¶¶ 20, 25.) Plaintiff made additional minor changes to several paragraphs to accurately reflect the full scope of the new allegations contained within the proposed amended complaint. (*Id.* ¶¶ 58, 68, 72, 93, 94, 115, 116.)

Additionally, the new allegations also include details surrounding Plaintiff's efforts to have the calls stop by expressing his disinterest in Defendant's calls and products. That is, during a call

4

on December 20, 2021, Plaintiff, after confirming that the purpose of the call was related to refinancing a mortgage loan, informed Rocket Mortgage that he was "not interested". (Smith Decl. ¶ 8; Ex. C ¶ 25.) Rocket Mortgage acknowledged his lack of interest, but then inexplicably chose to switch tactics and blast out 18 text messages spanning three (3) months. This is unlawful, and Rocket Mortgage can't claim ignorance of this fact. That is, prior to the December 20th call, Quicken Loans n/k/a Rocket Mortgage was denied summary judgment in the case styled *Mattson v. Quicken Loans, Inc.*, No. 3:18-CV-00989-YY, 2020 WL 6365506 (D. Or. Sept. 2, 2020). There, as here, a consumer informed Defendant that it was "not interested" in its services. *Id.* at *4-5. Ultimately, the court found that "a reasonable juror could conclude from the facts that it understood Plaintiff's statement that he was 'not interested' clearly to express his consent not to receive any more calls." *Id.* at *5. The same is true here. In addition to Daschbach's previously alleged "stop" calling requests, he likewise informed Rocket Mortgage that he was not interested in its products or services. But more importantly, Rocket Mortgage acknowledged his lack of interest and chose not to cease communications. Instead, it switched tactics and blasted out numerous text messages despite his lack of interest. The new allegations thus relate not just to Defendant's violations, but to Defendant's culpability and its mental state (*i.e.* the willfulness of its actions). Indeed, Rocket Mortgage *knew* that this conduct could violate the TCPA, but apparently took no steps to curtail its actions after the *Mattson* decision.

      The newly discovered facts justify amendment. The allegations were not contained within the original complaint because Plaintiff did not recall the complete extent of all calls. For this reason, he alleged, on information and belief, that Rocket Mortgage had placed additional calls to his cellular telephone. (Dkt. 10 ¶ 27.) Additionally, even if he had recalled the dates of the calls and texts, he did not have the *contents* of the communications readily within his possession.

5

Rocket Mortgage cannot contend that prejudice exists to deny the present motion to amend. There is no surprise—Rocket Mortgage has been in possession of these facts all along. Further, the amendments in no way seek to change Plaintiff's theories of recovery. Rather, Plaintiff seeks leave to amend to add facts in support of existing claims. This is not prejudicial. *See Marks v. Unique Lifestyle Vacations, LLC*, No. CV 20-4915-KSM, 2023 WL 4408566, at *4 (E.D. Pa. July 7, 2023) (granting leave to amend in a TCPA case and finding that the defendant would not be prejudiced because the "proposed amendment does not present a new legal theory, rather, it 'simply presents additional facts in support of the *same* legal theory.'" (citing *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (emphasis in original)); *Conover v. Rash Curtis & Assocs.*, No. 315CV08381FLWTJB, 2016 WL 3708656, at *2 (D.N.J. July 12, 2016) ("Where no 'new concepts and theories that would require extensive additional discovery' exist, there is no prejudice to the non-moving party in allowing the amendment." (citing *Adams v. Gould, Inc.*, 739 F.2d 858, 869 (3d Cir. 1984)). In the end, any delay in seeking leave to amend, if it can even be called that, was spent working to understand Rocket Mortgage's internal spreadsheets and confirming that Plaintiff did, in fact, receive the calls and texts reflected in Defendant's records. Put simply, the delay was neither "extraordinarily long" nor "unexplained".

Lastly, the amendment would also not be futile. *See e.g. Donlon v. Hillsborough Cnty.*, No. 18-CV-549-LM, 2019 WL 2062436, at *1 (D.N.H. May 9, 2019) (a "futile" amendment is one that "would fail to state a claim upon which relief could be granted."). The Court has already denied Defendant's motion to dismiss based on the same legal theories as alleged in the proposed amended complaint with less factual support. (*See* Dkt. 28.) The new facts alleged in the proposed complaint further buttress those theories. The amendment is therefore not futile and is sought to

put Defendant on notice of the totality of the violations that Plaintiff asserts are at issue in this lawsuit.

## III.    CONCLUSION

This Court should grant Plaintiff leave to file a Second Amended Complaint in the form attached hereto as Exhibit B because none of the relevant factors weigh against granting leave. Rocket Mortgage will not be prejudiced, and Daschbach has not acted with undue delay, bad faith, or an absence of due diligence, and his proposal is not futile. Therefore, Plaintiff Richard Daschbach respectfully requests that this Court grant his Motion for Leave to Amend, and for such further relief as the Court deems just and proper.

Date: August 10, 2023

**RICHARD DASCHBACH**, individually and on behalf of all others similarly situated,

 */s/ Taylor T. Smith*

Taylor True Smith (admitted *pro hac vice*)
Woodrow & Peluso LLC
3900 E Mexico Ave Ste 300
Denver, CO 80210
720-907-7628
Fax: 303-927-0809
Email: tsmith@woodrowpeluso.com

V. Richards Ward, Jr.
Law Offices of V. Richards Ward Jr PLLC
98 Center Street
PO Box 1117
Wolfeboro, NH 03894
Tel: 603-569-9222
Fax: 603-569-9022
Email: Rick@VRWardLaw.com

*Counsel for Plaintiff and the Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2023, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

/s/ Taylor T. Smith