UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD DASCHBACH individually and on behalf of all others similarly situated, | :<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : CASE NO. 1:22-cv-00346-JL<br>:<br>: |
| ROCKET MORTGAGE, LLC, | :<br>: |
| Defendant. | :<br>: August 16, 2023<br>: |

**ROCKET MORTGAGE, LLC'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Although it believes that Plaintiff's proposed amendment is untimely and unnecessary, Rocket Mortgage, LLC ("Rocket Mortgage") takes no position on his Motion for Leave to File a Second Amended Complaint (ECF No. 37 & 37-1 (collectively, the "Motion")) in recognition of the well-settled caselaw favoring leave to amend in the early stages of litigation. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Rocket Mortgage is, however, nonetheless compelled to respond to the Motion to address (a) Plaintiff's false and incomplete factual assertions in the Motion and supporting Declaration of Taylor T. Smith (the "Smith Declaration") (ECF No. 37-2), and (b) Plaintiff's improper attempt to use the Motion and Smith Declaration to cast Rocket Mortgage in a negative light.

Pursuant to Local Rule 7.1, on August 8, 2023, counsel for both parties participated in a meet and confer about the Motion. Tayman Decl. ¶ 3. During that meet and confer, Plaintiff's counsel, Mr. Smith, represented that the proposed amendment would only add factual allegations

1

regarding additional phone calls that Plaintiff had learned about during discovery. *Id.* ¶ 4. Mr. Smith did not, however, identify any of the legal or factual arguments that Plaintiff intended to advance in support of the Motion. *Id*. Nor did he identify any other issues Plaintiff intended to present to the Court in connection with the Motion. *Id.* Later that same day in response to Rocket Mortgage's request, Mr. Smith provided a copy of the redlined proposed second amended complaint. *Id.* Understanding that the Motion would be a *pro forma* motion seeking leave to add the identified factual allegations about the challenged calls, Rocket Mortgage advised Mr. Smith that it would take no position on the Motion. *Id.* ¶ 5. When Plaintiff filed his Motion, however, Rocket Mortgage learned that Mr. Smith's meet and confer representations were, at best, incomplete and that the Motion and Smith Declaration went beyond the representations made during the conferral process.

<u>First</u>, while the Motion (ECF No. 37-1 at 4) asserts that the proposed amendment conforms the pleadings to the discovery record, that same record confirms that Plaintiff's proposed amendments are neither accurate nor complete. For example, while Plaintiff is quick to amend to add allegations about the challenged calls, he continues to omit (conveniently) his admission that he twice provided his phone number online at the enhanced.refinancenow.com website—in September and December 2021, respectively—as part of a request for such calls from Rocket Mortgage (and other lenders). June 30, 2023 Hr'gTr. at 7[1]. He also omits that on the very first call from Rocket Mortgage in September 2021, the discovery record confirms that he agreed to have Rocket Mortgage call him again. Tayman Decl. ¶ 6. And, while he (and Mr. Smith in his Declaration) now assert that Plaintiff's statement on one call that he was "not interested" in a

---

[1] As this Court will recall, this admission contradicts his counsel's original representations to this Court that he had no recollection visiting and providing his number at that website to request calls from Rocket Mortgage. ECF No. 18 at 2.

refinance somehow constituted a "clear" revocation of his prior consent to calls from Rocket Mortgage (ECF Nos. 37-1 at 3; 37-2 ¶8 ) and cite *Mattson v. Quicken Loans, Inc.*, No. 3:18-CV-00989-YY, 2020 WL 6365506 (D. Or. Sept. 2, 2020) as purported supporting authority, his position is wrong and unsupported by *Mattson*. The law, as set forth in *Mattson* and other case law, and as reflected in proposed FCC regulations, requires that a revocation must "clearly express[] a desire] not to receive additional calls from the defendant. *See, e.g.*, Federal Communications Commission, 88 Fed Reg. 42035 (revocation of consent occurs when a consumer "clearly expresses a desire not to receive further calls or text messages, including using words such as 'stop,' 'revoke,' 'end,' or 'opt out.'"); *Mattson v. Quicken Loans, Inc.*, 2020 WL 6365506, at *4; *Franklin v. Cenlar FSB*, No. 1:20-CV-1410-MLB-WEJ, 2022 WL 2388598, at *5 (N.D. Ga. Mar. 30, 2022), report and recommendation adopted, No. 1:20-CV-01410-VMC, 2022 WL 2388600 (N.D. Ga. May 26, 2022); *Rando v. Edible Arrangements Int'l, LLC*, No. CV 17-701(JBS/AMD), 2018 WL 1523858 at *5 (D.N.J. Mar. 28, 2018); *In re Runyan*, 530 B.R. 801, 807 (Bankr. M.D. Fla. 2015). And whether that high standard is met is assessed against the individual circumstances of the particular consumer's interactions with the caller. *In re Runyan*, 530 B.R. at 807. Given this, and despite Plaintiff's and Mr. Smith's representations to the contrary, the *Mattson* decision does not hold that the phrase "not interested" was a clear revocation of consent—relying on facts particular to the call recipient, the court concluded only that it was possible that "a reasonable juror *could*" conclude those words were somehow a revocation, reversing the Magistrate Judge's finding that the words "not interested" failed to clearly revoke consent. *Mattson*, 2020 WL 6365506, at *5 (emphasis added).

Second, in an apparent effort to distract this Court from Plaintiff's own delay in filing the Motion and his efforts to improperly (and prematurely) raise discovery issues with the Court, the

3

Motion asserts that Rocket Mortgage has refused or delayed discovery, improperly withheld documents, and failed to comply fully with its discovery obligations. (Smith Decl. ¶¶ 4-8.) This assertion is false. Tayman Decl. ¶ 7. Rocket Mortgage has diligently and timely responded to all of Plaintiff's discovery requests, is producing documents on a rolling basis within the time frame specified in its discovery responses and within the requirements of Federal Rule 34(b)(2)(A), and has met and conferred with Plaintiff multiple times in a transparent and good-faith effort to resolve discovery disputes while meeting its discovery obligations. *Id.* To that end, it is telling that Plaintiff has raised no discovery issues with the Court. It is thus apparent that Plaintiff's false assertions about Rocket Mortgage's purported discovery conduct in the Motion are intended (improperly) to paint Rocket Mortgage in a bad light and provide no support for the Motion.

Finally, and relatedly, the record Plaintiff himself has put before the Court, including the Smith Declaration, demonstrates that Plaintiff—not Rocket Mortgage—is responsible for the delay in filing the Motion. As noted, the Motion (ECF No. 37-1 at 3) seeks leave to amend to plead additional allegations about the challenged calls. Plaintiff asserts that he could not advance these additional allegations sooner because Rocket Mortgage had possession of the call records. ECF No. 37-1 at 5-6. But the Smith Declaration confirms that this assertion is false because it concedes that Plaintiff's telephone carrier (Consumer Cellular) had his call records, which reflect all of the challenged calls and texts, and that Plaintiff and his counsel waited until 11 months after filing this lawsuit to obtain them. Smith Decl. ¶ 9 (Plaintiff's Consumer Cellular records first obtained on August 4, 2023). Neither Plaintiff nor Mr. Smith offer any explanation for why these records were not requested and obtained before they filed this lawsuit or at any time over the last 11 months. Tayman Decl. ¶ 8. If Plaintiff had sought and obtained his call records with diligence, then he would have known of the supposedly "new facts" he seeks leave to plead now at or shortly

4

after the time he filed this lawsuit.  ECF No. 37-1 at 6.  Regardless, Plaintiff's attempt to blame Rocket Mortgage's discovery conduct for the delay in filing the Motion cannot withstand scrutiny.

|  |  |
|---|---|
| August 16, 2023 | Respectfully submitted,<br>*/s/ W. Kyle Tayman*<br>W. Kyle Tayman (*PHV*)<br>Brooks R. Brown (*PHV*)<br>Christina L. Hennecken (*PHV*)<br>GOODWIN PROCTER LLP<br>BBrown@goodwinlaw.com<br>KTayman@goodwinlaw.com<br>Chennecken@goodwinlaw.com<br><br>Steven J. Dutton (NH 17101)<br>McLane Middleton<br>900 Elm Street \| Manchester, NH 03101<br>(603) 628-1379 \|steven.dutton@mclane.com<br><br>*Counsel for Rocket Mortgage, LLC* |

## **CERTIFICATE OF SERVICE**

    I certify that on August 16, 2023, the foregoing was served via electronic mail to all counsel of record in the matter.

                                                        */s/ W. Kyle Tayman*
                                                        W. Kyle Tayman