UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| RICHARD DASCHBACH individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROCKET MORTGAGE, LLC,<br><br>Defendant. | CASE NO. 1:22-cv-00346-JL<br><br>August 16, 2023 |

**DECLARATION OF W. KYLE TAYMAN IN SUPPORT OF ROCKET MORTGAGE, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

I, W. Kyle Tayman, hereby declare and state as follows:

1. I am a partner with the law firm Goodwin Procter LLP and a member of the Maryland and District of Columbia bars. I am counsel to Rocket Mortgage, LLC ("Rocket Mortgage") in the above captioned matter. I am over the age of 18 years, have personal knowledge of the matters in this declaration, and if called as a witness, I would and could competently testify to them.

2. I make this declaration in support of Rocket Mortgage's Response to Plaintiff's Motion for Leave to File a Second Amended Complaint (the "Motion").

3. Pursuant to Local Rule 7.1, on August 8, 2023, Rocket Mortgage participated in a meet and confer with Plaintiff's counsel, Mr. Smith, about the Motion.

4. During the August 8, 2023 conference, Mr. Smith indicated that he would be filing the Motion and seeking leave to amend only to add factual allegations regarding additional phone

1

calls that Plaintiff had learned of during discovery. Mr. Smith did not identify any of the legal or factual arguments that Plaintiff intended to advance in support of the Motion or any other issues that Plaintiff intended to present to the Court in connection with the Motion. Following the conference, and at my firm's request, Mr. Smith sent Rocket Mortgage a copy of the redlined proposed second amended complaint.

5. Based on the representations and the proposed version of the Second Amended Complaint that Mr. Smith provided, Rocket Mortgage advised Mr. Smith that it would take no position on the Motion.

6. I have reviewed the call recording records produced by Rocket Mortgage in the course of discovery in this litigation. During the recording of the first call placed by Rocket Mortgage, the Rocket Mortgage representative asked if someone could call him back with additional information he requested and Plaintiff responded "okay."

7. I understand that Plaintiff contends that in its May 15, 2023, discovery responses, Rocket Mortgage refused to produce records of its call communications with Plaintiff. This is not accurate. Rocket Mortgage agreed to produce its call records upon the entry of a mutually agreeable protective order given that its records contain and reflect proprietary information and trade secrets. Rocket Mortgage also agreed to produce other responsive and relevant records on a rolling basis commencing on specified dates in accordance with Rule 34(b)(2) due to the expansive scope, time period, and breadth of the requests.

8. At no point in time during the course of discovery did Plaintiff suggest he required Rocket Mortgage's call records because he had not obtained his own call records from his carrier.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 16, 2023

/s/ W. Kyle Tayman
W. Kyle Tayman