# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| RICHARD DASCHBACH, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>ROCKET MORTGAGE, LLC, a Michigan limited liability company,<br><br>*Defendant.* | Case No. 1:22-cv-00346-JL |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Though Defendant Rocket Mortgage, LLC ("Defendant" or "Rocket Mortgage") nominally "takes no position" with respect Plaintiff being granted leave to file a Second Amended Complaint, its Response to Plaintiff's Motion for Leave contains a litany of inaccurate and inflammatory statements that warrant correction. For the sake of a clear record, Plaintiff submits the following brief reply:

Rocket Mortgage first asserts that "Plaintiff's proposed amendments are neither accurate nor complete." (Def. Rep. 2-3.) According to Rocket Mortgage, the proposed amended pleading "continues to omit (conveniently) his admission that he twice provided his phone number online at the enhanced.refinancenow.com website—in September and December 2021, respectively—as part of a request for such calls from Rocket Mortgage (and other lenders)," and, supposedly, "that on the very first call from Rocket Mortgage in September 2021…he agreed to have Rocket Mortgage call him again." *Id*. Nothing requires Plaintiff to plead such facts, which, to the extent Rocket Mortgage believes them to be true, are in the nature of affirmative defenses—not averments that Daschbach is required to preemptively plead.

Rocket Mortgage also asserts that Daschbach's amended allegation that during one of the calls he stated he was not interested in a refinance and that this qualifies as a revocation of consent is "wrong and unsupported by *Mattson*." Such legal argument is misplaced. The court in *Mattson v. Quicken Loans, Inc.*, No. 3:18-CV00989-YY, 2020 WL 6365506 (D. Or. Sept. 2, 2020) denied summary judgment, *inter alia*, on the basis that a reasonable juror could construe a similar statement as revoking consent to be called. To the extent Rocket Mortgage believes that the allegation is inaccurate or improper or that *Mattson* requires a different conclusion, it can file an appropriate motion. Litigating the issue via a response to a motion for leave to amend in which it takes no formal position on the amendment is imprudent.

And Plaintiff's counsel did not misrepresent the nature of the amendments or the basis for seeking them. During the meet and confer process on the motion for leave to file an amended pleading, Daschbach's counsel did explain the basis for his motion and provided a redline of the proposed amendments. (*See* Declaration of Taylor T. Smith, ¶¶ 3-4, attached hereto as Ex. 1.) The proposed amended pleading attached to Plaintiff's motion for leave is substantially the same as the redlined copy provided to Defendant. (*Id.* ¶ 4.) As such, Rocket Mortgage had the proposed amendment to review. Its objection that Plaintiff did not also include all factual and legal argument is beside the point—it was provided a copy of the proposed amendments so that it could evaluate whether to take a position on the motion. *See* LR 7.1(c) (requiring a good faith attempt to obtain concurrence in the "*relief sought*" (emphasis added)).

Further, Defendant's suggesting that Plaintiff has improperly delayed seeking an amendment is also incorrect. The motion for leave to amend was filed by the deadline agreed to in the approved discovery plan (dkt. 30). Rocket Mortgage misleadingly asserts that it "has diligently and timely responded to all of Plaintiff's discovery requests, is producing documents on a rolling

basis within the time frame specified in its discovery responses and within the requirements of Federal Rule 34(b)(2)(A), and has met and conferred with Plaintiff multiple times in a transparent and good-faith effort to resolve discovery disputes while meeting its discovery obligations." (Def. Resp. 4.) That is not accurate: Defendant has not complied with its discovery obligations, which has necessitated a series of meet and confers. By its own statements it admits that it has chosen to provide documents "on a rolling basis," which Plaintiff's counsel have repeatedly explained is improper. (Smith Decl. ¶ 6.) While Plaintiff readies that issue for presentment to the Court, the Parties continue to meet and confer on other outstanding items with the aim of bring all issues to the Court's attention in a single hearing instead of in a piecemeal fashion.

Rocket Mortgage also states that "it is telling that Plaintiff has raised no discovery issues with the Court." (Def. Resp. 4.) This assertion is undercut by Rocket Mortgage's own statement, just a paragraph before, that Plaintiff has made "efforts to improperly (and prematurely) raise discovery issues with the Court." (Def. Resp. 3.) Defendant cannot have it both ways: faulting Daschbach for not raising discovery issues yet with the Court while simultaneously calling such efforts "premature." Daschbach continues to meet and confer in good faith.

Finally, Defendant's attempt to fault Plaintiff for not having obtained call records from his carrier at some earlier point in the case also misses the mark. (Def. Resp. 4.) As explained in his motion, even if Plaintiff had been in possession of his carrier records earlier, he still did not have the *contents* of the communications—for that he needed Defendant's records. (Dkt. 37-1 p. 5.)

In the final analysis, Plaintiff's motion for leave to file a Second Amended Complaint should be granted. He complied with his obligations under LR 7.1(c), and timely sought to amend his complaint based on information learned in discovery. As such, Defendant's arguments are largely inapposite, inaccurate, and immaterial.

Date: August 18, 2023

**RICHARD DASCHBACH**, individually and on behalf of all others similarly situated,

*/s/ Taylor T. Smith*

Taylor True Smith (admitted *pro hac vice*)
Woodrow & Peluso LLC
3900 E Mexico Ave Ste 300
Denver, CO 80210
720-907-7628
Fax: 303-927-0809
Email: tsmith@woodrowpeluso.com

V. Richards Ward, Jr.
Law Offices of V. Richards Ward Jr PLLC
98 Center Street
PO Box 1117
Wolfeboro, NH 03894
Tel: 603-569-9222
Fax: 603-569-9022
Email: Rick@VRWardLaw.com

*Counsel for Plaintiff and the Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2023, a true and correct copy of the above papers was served upon counsel of record by filing such papers via the Court's CM/ECF system.

*/s/ Taylor T. Smith*